THE STATE vs. WHITTON.

*April 23 — May 12, 1888.*

*Criminal pleading: Receiving stolen goods.*

In view of the provisions of secs. 4669, 4706, R. S., an information charging that the defendant feloniously bought and received goods knowing that they had theretofore been stolen, is *held* sufficient to sustain a conviction of the offense of buying or receiving stolen goods, under sec. 4417, R. S., where the objection that it did not charge that the goods had been stolen was first taken after verdict on motion in arrest of judgment.

REPORTED from the Municipal Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The defendant was tried and convicted in the municipal court of Milwaukee county upon the following information, viz., after the title of the case: "I, J. W. Wegner, district attorney for said county, hereby inform the court that on the third day of September, in the year one thousand eight hundred and eighty seven, at the said county, the said defendant, *Richard Whitton*, feloniously did buy, receive, conceal, and have, and did then and there aid in the concealment of goods, chattels, and property, to wit, one hunting-case gold watch of the value of forty dollars, the said property, goods, and chattels being then and there the property of one J. P. Johnson, he the said *Richard Whitton* then and there knowing the said goods, chattels, and property had theretofore been feloniously stolen, taken, and carried away, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin." The defendant pleaded not guilty.

No objection appears to have been made to the sufficiency of the information until after a trial upon the merits and a

verdict of guilty found against the defendant. After such verdict, the defendant moved in arrest of judgment and sentence, for the reasons "that the information does not charge the defendant with any crime known to the law, and is wholly insufficient to sustain the verdict herein, and the court cannot impose sentence upon the defendant upon such verdict under said information; that said information is wholly defective and void to sustain a conviction, in that it does not charge the property alleged to have been received by the defendant to have been stolen property as required by law, and the court cannot now proceed to sentence the defendant upon the verdict of the jury; and for other defects apparent on the face of the information."

Upon such motion being made, the judge of the said municipal court, being of the opinion that the questions of law so arising are so important and so doubtful as to require the decision of the supreme court thereon, as provided by law, and at the request of the defendant, reported the case to this court under the provisions of sec. 4721, R. S., for the decision of this court upon the following questions: (1) "Does the aforesaid information in this case sufficiently charge the crime of receiving stolen property so as to sustain a conviction under sec. 4417, R. S. 1878?" (2) "Does the information aforesaid sufficiently charge any offense to warrant the municipal court to pronounce sentence upon the defendant upon such conviction?"

For the plaintiff there was a brief by the *Attorney General*, and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*.

*W. C. Williams*, for the defendant, cited Whart. Cr. Law, secs. 982, 997–1002; Whart. Prec. Ind. & Pl. sec. 450 *et seq.; Comm. v. Barry*, 116 Mass. 1; *Comm. v. Sullivan*, 136 id. 170; *State v. Lyon*, 17 Wis. 237; *State v. Jenkins*, 60 id. 599; *Comm. v. Adams*, 7 Gray, 43; *Comm. v. King*, 9 Cush. 285; *Comm. v. Cohen*, 120 Mass. 198.

TAYLOR, J.   There can be no doubt but that the district attorney intended to inform against the defendant for the crime of receiving stolen property as defined by sec. 4417, R. S. 1878.   There is certainly enough stated in the information to inform both the defendant and the court of the intention of the district attorney in that respect.   That being admitted, can it be said that the defendant has been, or can be, prejudiced by the lack of definiteness in the information, after having a fair trial upon the merits of the charge as intended to be made by the prosecuting attorney? We certainly think he has not been prejudiced by the lack of a more full statement of the charge in the information; and unless there be some well-settled rule of law which forbids sentence upon this information, judgment ought not to be arrested.   The following provisions of our statutes, we think, clearly make it the duty of the court to sentence the defendant after conviction, when no objection was taken to the sufficiency of the information before proceeding to trial thereon.   Sec. 4669, R. S., reads as follows: "When the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment or information shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describes the offense in the words of the statute, or in words of substantially the same meaning; and words used in the statute to define a public offense need not be strictly pursued in charging an offense under such statutes, but other words conveying the same meaning may be used."   Sec. 4706 reads as follows: "No indictment or information, process, return, or other proceeding in a criminal case in the courts or course of justice shall be abated; quashed, or reversed for any error or mistake when the case may be rightly understood by the court, and the court may on motion order an amendment curing such defect." The effect which is to be given to sec. 4669 has been sev-

eral times before this court. *State v. Welch*, 37 Wis. 196, 199; *Bonneville v. State*, 53 Wis. 680, 685; *Steuer v. State*, 59 Wis. 472, 476. We think it very clear that if the objection to the sufficiency of the information had been taken before going to trial it would have been the duty of the court to have ordered it amended under the provisions of said sec. 4706. We are also of the opinion that it is too late to raise an objection to an information when such objection might have been removed by amendment under said sec. 4706, R. S.

We are also of the opinion that the information was sufficient, especially after verdict, on motion in arrest of judgment, no objection having been made before that time, under the provisions of sec. 4669, R. S. The only possible objection to the information under that section is that it omitted to state in the language of the statute that the defendant received, etc., "stolen money, goods, or property," that being the language used in said sec. 4417, R. S. We think that the allegation that he received the goods of a stranger, knowing that they had been theretofore stolen, is a substantial statement of the offense defined by sec. 4417. We do not think there could have been any doubt either in the mind of the court or of the defendant as to what offense he was charged with. The case of *State v. Lyon*, 17 Wis. 237, does not rule this case, as neither sec. 4669 nor 4706 had been enacted when that case was tried. These sections became a part of the criminal law of this state in 1871 for the first time. See secs. 20, 30, ch. 137, Laws of 1871.

*By the Court.*— To the first question submitted to this court, we answer, " Yes." This renders it unnecessary to answer the second question. The case is remanded to the municipal court with instructions to proceed to pronounce judgment upon the verdict.