SIRES, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 8 — December 22, 1888.*

CRIMINAL LAW: EXCISE LAWS. *(1) Pleading: Sale of liquor " not to be drank on the premises:" Quantity. (2) Appeal from J. P.: Informal undertaking: Judgment: Surety: Writ of error.*

1. A complaint under secs. 1, 4, ch. 296, Laws of 1885, charging the defendant with selling intoxicating liquors " *not to be drank on the premises*, without having obtained a license or permit therefor," is sufficient, although the quantity sold is not stated.

2. On appeal from a justice's court in a prosecution for selling liquor without a license, the accused gave an undertaking, with surety,

in the form used in civil cases, and not as required by secs. 4714, 4717, R. S. In the circuit court he was again found guilty, and judgment was entered that he pay a fine of $50 and costs, and that in default of payment he be committed to the county jail until the fine and costs should be paid, his imprisonment, however, not to exceed six months. It was further ordered that the state have judgment against the accused and his surety for the amount of the fine and costs. A writ of error was sued out by the accused alone. *Held:*

(1) The judgment against the accused was not in excess of the authority given by the statute.

(2) Any supposed grievance of the surety cannot be considered.

ERROR to the Circuit Court for *Jackson* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that January 21, 1886, the accused was arrested in the town of Alma, in Jackson county, upon a warrant issued on that day by a justice of the peace in said town, reciting the complaint, which was on oath, to the effect that said accused did January 20, 1886, at said town, " unlawfully sell, and for the purpose of evading the law give away, spirituous, malt, ardent, intoxicating liquors and drinks, *not to be drank on the premises, without having obtained a license or permit therefor;* " that, upon being brought before said justice, the said accused was tried and found guilty, and fined $50 and costs of suit, and committed until paid; that thereupon said accused appealed to the circuit court, giving an undertaking thereon; that upon a retrial in the circuit court, September 29, 1887, the said accused was found guilty by the jury, and judgment thereupon entered accordingly for such fine and costs, and that in default of the payment thereof he was to be committed to jail for a term not exceeding six months; and it was therein further ordered that the state have judgment to recover from said accused and his surety the sum of $147.63, being the amount of such fine and costs. To review that judgment the accused has sued out a writ of error.

*Carl C. Pope,* for the plaintiff in error, contended, *inter alia,* that no undertaking on appeal having been given as required by the statute (sec. 4714, R. S.) the appearance of the accused in the circuit court was purely voluntary, and no judgment could be rendered against the surety on the undertaking given. No other or further judgment could properly be rendered against the accused or the accused and his surety than for the penalty specified in sec. 4, ch. 296, Laws of 1885. The judgment in this case is double — against the accused under said section last mentioned, and against the accused and his surety under sec. 4717, R. S. This is clearly unauthorized.

*L. K. Luse,* Assistant Attorney General, for the defendant in error. The complaint is sufficient. *Allen v. State,* 5 Wis. 329; *State. v. Downer,* 21 id. 274; *State v. Tall,* 56 id. 577. The accused is in no way prejudiced by the judgment upon the undertaking against his surety. The judgment against the accused would be just as effectual if no undertaking had ever been given. The surety has not appealed to this court, and must be presumed to be satisfied with the judgment. *Williams v. Starr,* 5 Wis. 534–547; *Palmer v. Yager,* 20 id. 97; *Kopmeier v. Lurkin,* 47 id. 598; 4 Wait's Pr. 234; *Montgomery Co. Bank v. Albany City Bank,* 7 N. Y. 459. The judgment, though single in form, is in legal effect separate as to the accused and the surety. *State v. Brady,* 62 Wis. 129.

CASSODAY, J. There is no bill of exceptions. This being so, we are necessarily limited to the inquiry whether the complaint, of which the substance is stated above, charges the accused with the offense of selling intoxicating liquors without a license, under the statutes. Secs. 1, 4, ch. 296, Laws of 1885.[1] The complaint is silent as to the quantity

[1] Sec. 1, ch. 296, Laws of 1885, provides that town boards, etc., may grant licenses "for the sale in quantities of less than one gallon of

of such liquors sold or given away. The able counsel for the accused very plausibly argues that the complaint does not allege any want of a license to sell or give away such liquors "to be drank on the premises," but only the want of any such license or permit to sell or give away such liquors "not to be drank on the premises." He therefore insists that as a matter of fact, and for aught that appears in this complaint, the accused did have such license at the time to sell such liquors in quantities less than a gallon, "to be drank on the premises," and that such license gave him the absolute right to sell or give away such limited quantity, even though he knew at the time that such purchaser or donee did not intend to drink, and did not drink, the same until after he had taken it away from the premises; otherwise it is suggested that such sales in such limited quantities "not to be drank on the premises," would be unauthorized by any licensee except pharmacists, under sec. 2, ch. 296, Laws of 1885, and sec. 1, ch. 404, Laws of 1887. Assuming, for the purposes of this case, such to be the true construction of the complaint and the statute, and hence that the words of the statute, "to be drank on the premises," are used in connection with the license for the sale in such smaller quantities merely in contradistinction to the license for such sale in such larger quantities "not to be drank on the premises," then it necessarily follows that the allega-

strong, spirituous, malt, ardent, or intoxicating liquors, to be drank on the premises; and in like manner may grant licenses for the sale, in any quantity, of such liquors, not to be drank on the premises," etc. Sec. 4 provides that if any person shall sell or, for the purpose of evading any law of the state, give away any such liquors in any quantity whatever, without first having obtained a license or permit therefor, he shall, on conviction, be punished by a fine of not less than $50 nor more than $100, besides the costs of suit, or by imprisonment in the county jail not to exceed six months nor less than three months; and in case of punishment by fine such person shall, unless the fine and costs be paid forthwith, be committed to the county jail until such fine and costs are paid or until discharged by due course of law.— REP.

tion of the complaint in the words "without having obtained a license or permit therefor," does negative the having of any such license to sell in such smaller quantities. In other words, under such construction, the allegations of the complaint are to the effect that the sale or gift was made "without having obtained a license or permit therefor," even though it consisted of the smaller quantity, and equally so if it consisted of the larger quantity.

The statute merely requires an information to charge the offense with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case. Sec. 4658, R. S.; *Hintz v. State*, 58 Wis. 497; *State v. Boncher*, 59 Wis. 481. No judgment is to be reversed by reason of any defect or imperfection in matters of form which do not tend to the prejudice of the accused. Sec. 4659, R. S. Even in England, where the forms of criminal procedure are far more stringently enforced than here, it has been held, in effect, that an indictment so defective that it would have been quashed upon application before verdict, may nevertheless be cured after verdict. *Queen v. Stroulger*, 17 Q. B. Div. 327. The complaint in question was certainly good after verdict. The absence of any bill of exceptions is a confession that all the allegations of the complaint were sustained by the evidence. If the accused was in fact authorized to do what he did by virtue of any license, then it should have been made to appear by bill of exceptions.

Error is assigned because the bond given on appeal from the justice was in the form used in civil cases, and not as required by secs. 4714, 4717, R. S. But the accused could appeal, and the circuit court take jurisdiction, without any bond. His liability would be the same in any event. No supposed grievances of the surety alone can be considered on this writ of error by the accused alone. If the surety

had well-founded grievances, the law gave him a remedy, not only in the trial court, but also in this court. *State v. Brady*, 62 Wis. 129. The judgment against the accused is not in excess of the authority given by the statute. Sec. 4, ch. 296, Laws of 1885.

*By the Court.*— The judgment of the circuit court is affirmed.