BARNUM, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 22 — March 10, 1896.*

*Criminal law: Pleading: Libel: Sufficiency of information after verdict: Amendment.*

1. An objection to the sufficiency of an information, made for the first time after verdict, is too late if the difficulty could have been obviated by amendment had the objection been made before the trial.

2. Thus, an information for criminal libel will not be held insufficient after verdict because the averment of publication is defective, where the defect could have been obviated by an amendment punctuating such averment so as to make one clause therein parenthetical.

ERROR to review a judgment of the circuit court for Richland county: R. G. SIEBECKER, Judge. *Affirmed.*

The defendant was convicted of the publication of a criminal libel, and brings error. The contention is now made that the information is insufficient to sustain the conviction, because it does not charge a publication of anything. That part of the information necessary to be considered upon this contention reads as follows:

" On the 8th day of March, A. D. 1894, in the city of Richland Center, in said county of Richland and state of Wisconsin, the said *Mark H. Barnum* did then and there unlawfully and maliciously publish, and did cause and procure to be published in a certain newspaper called Torch of Liberty, in a certain part of which newspaper so published as aforesaid there were and are contained the false, scandalous, and malicious libel of and concerning the said E. M., which said false, scandalous, and malicious libel is in the words and figures following, to wit: [Here follows the libel, in words and figures at length.] "

*L. H. Bancroft*, for the plaintiff in error.

*John L. Erdall*, Assistant Attorney General, for the defendant in error, argued, among other things, that in construing statutes and pleadings the courts will uphold allegations if the words are sufficient, notwithstanding defects or lack of punctuation. 1 Am. & Eng. Ency. of Law, 521, note 5; *Morrill v. State*, 38 Wis. 428; *Allen v. Russell*, 39 Ohio St. 337; *Albright v. Payne*, 43 Ohio St. 8. The information as it stands certainly informed the plaintiff in error of the nature of the charge made against him. Under these circumstances the information must be held good after verdict. *Hintz v. State*, 58 Wis. 493; *Heckman v. Swartz*, 64 id. 48; *State v. Jenkins*, 60 id. 599; *State v. Whitton*, 72 id. 18; *Sires v. State*, 73 id. 251; *Jackson v. State*, 91 Wis. 253; *Cross v. State*, 55 id. 261; *State v. Bowman*, 103 Ind. 69; *State v. White*, 64 Vt. 372; *Rex v. Wilkes*, 4 Burr. 2527; *Comm. v. Hallahan*, 143 Mass. 167.

Winslow, J. The objection to the sufficiency of the information was made for the first time after verdict. It is too late to make an objection of this nature after verdict, if the difficulty could have been obviated by amendment had the objection been made before trial. R. S. sec. 4706; *State v. Whitton*, 72 Wis. 18; *Sires v. State*, 73 Wis. 251.

The difficulty here consists in an apparent lack of an object to the verb " publish." It is very evident that the pleader intended to charge that the defendant published the libel which is set out, but, by an unfortunate arrangement of words, under strict rules of grammatical construction it does not seem to be charged that he published anything. There are no punctuation marks in this part of the sentence. It is quite evident that if one phrase of the sentence could be read parenthetically, or rejected as surplusage, there would be a perfectly good allegation of publication. The phrase referred to is, " In a certain part of which newspaper so

published as aforesaid there were and are contained." We think, had the objection been made before trial, the court would have been entirely justified in ordering an amendment of the information by placing this part of the sentence in parentheses, or dashes, or other marks which would clearly indicate its parenthetical character, and thus make sense of that which was obscure. Many cases have held that words, and even sentences, which obstruct the sense in an information, may be rejected, if thereby it is made sensible. *Rex v. Morris*, 1 Leach, 109; *Comm. v. Randall*, 4 Gray, 36; Bish. New Cr. Proc. § 481, and cases cited.

It is not necessary to reject anything in this case. It is only necessary to read the clause in question parenthetically, and the meaning is perfect. Doubtless, this was the view which the trial court took of the matter, and we entirely approve it. There are no other questions raised which require discussion.

*By the Court.*— Judgment affirmed.

