McCummins v. State, 132 Wis. 236.

---

McCummins, Plaintiff in error, vs. The State, Defendant in error.

*May 6—May 21, 1907.*

*Automobiles: Failure to stop on signal from driver of horses: Statute construed: Pleading: Criminal complaint: Instructions to jury: Evidence: Appeal: Immaterial error.*

1. Under sec. 1636—50, Stats. (Supp. 1906; Laws of 1905, ch. 305, sec. 4), providing that every person operating an automobile shall upon signal, etc., from a person driving horses, cause such automobile "to stop all motor power and remain stationary, unless

a movement forward shall be deemed necessary to avoid accident or injury," an allegation in a criminal complaint that defendant while operating an automobile did not, upon signal, etc., "stop such automobile" sufficiently charges violation of the requirement "to stop all motor power and remain stationary."

2. Under said statute it is for the operator to determine whether a forward movement is necessary, and his conclusion is controlling unless he acts unreasonably or in bad faith.

3. Although an allegation that the operator did not stop an automobile "when a forward movement was not necessary to avoid accident" was imperfect in form because of the omission of the word "deemed," yet the defect was one which might have been obviated by amendment before trial, and an objection to the complaint on that ground, not made until after the prosecution had rested, came too late.

4. In this case, where a signal to stop was given to defendant when he was eighteen or twenty rods distant from a frightened team, it is *held* that, under the circumstances shown, there was no necessity for him to move forward to avoid accident.

5. Where the instructions given were correct and sufficiently covered the case, it was incumbent on a party desiring more specific instruction on any subject to present a written instruction on that subject and request that it be given.

6. In a prosecution for failure to stop an automobile on signal from the driver of frightened horses, evidence as to the speed of the automobile at the time of approaching and meeting the horses was relevant.

7. An instruction to the jury that they had nothing to consider or determine in respect to the matter of assistance by defendant and others in the automobile to the driver of the frightened horses, is *held* sufficient to remove all liability of prejudice from the admission of evidence on that subject.

ERROR to review a judgment of the circuit court for Jefferson county: B. F. DUNWIDDIE; Circuit Judge. *Affirmed.*

July 25, 1906, the following complaint was made in justice's court, village of Palmyra, Jefferson county:

"Joseph E. Davies, district attorney, being first duly sworn on oath, deposes and says that he is informed and believes: That on the 16th day of June, A. D. 1906, at said county, one *Chas. McCummins* did operate an automobile along a public highway of said county and state, without exercising reasonable precaution to prevent the frightening of

horses belonging to and driven by Henry Moyse and to prevent accident or injury, in that the said *Charles McCummins* did not while then and there operating said automobile, upon a signal by putting up the hand by said Henry Moyse, who was then and there driving a team of horses who appeared frightened, then and there stop such automobile when a forward movement was not necessary to avoid accident, and did not then and there assist the said Henry Moyse to pass such automobile in safety, contrary to the law in such case made and provided, against the peace and dignity of the state of Wisconsin. That this information is derived from the sworn statement of Henry Moyse."

The defendant was arrested, tried on the plea of not guilty, convicted, and sentenced in justice's court. He appealed to the circuit court, where he was again tried, convicted, and sentenced to pay a fine of $25 and the costs of prosecution, $95.26, and in default of payment to be committed to the county jail until the payment of the fine and costs, but not for more than six months. He sues out a writ of error to the circuit court for a review of the judgment and the proceedings.

*E. D. M'Gowan,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and *J. E. Davies,* of counsel, and oral argument by *Mr. Titus.*

SIEBECKER, J. The defendant avers that the complaint is insufficient in that it omits to allege one of the constituents of the offense, namely, that a movement forward was not deemed necessary by the plaintiff in error to avoid accident or injury. Sec. 1636—50, Stats. (Supp. 1906; Laws of 1905, ch. 305, sec. 4), provides:

"Every person operating an automobile . . . shall upon a signal by putting up the hand, or other sign of distress, by a person riding or driving a horse or horses, which shall appear frightened, cause such automobile or other similar motor vehicle to stop all motor power and remain stationary,

unless a movement forward shall be deemed necessary to avoid accident or injury, until such horse or horses appear to be under control."

It is claimed that the allegation in the complaint that defendant "did not . . . then and there stop such automobile when a forward movement was not necessary to avoid accident" does not constitute an allegation of these elements of the offense as provided by the statute, and is wholly insufficient to charge that it was defendant's duty to "cause such automobile or other similar motor vehicle to stop all motor power and remain stationary, unless a movement forward shall be deemed necessary to avoid accident or injury."

The first part of this allegation, that defendant as operator of the automobile did not, when a signal of distress was given by the complainant, "stop such automobile," charges sufficiently that he violated the requirement of the statute to stop the motor power and machine. The language of the statute, employed to define this duty, is somewhat involved, yet it is sufficiently definite to convey the idea that any person operating a motor vehicle under such circumstances is required to stop all the motor power of the vehicle and remain stationary.

The other point of attack on the complaint is that there is a failure to allege that a movement forward was not deemed necessary to avoid accident. The question arises as to who is to determine when a forward movement is necessary to avoid accident or injury. Is it for the court and jury to determine under the facts and circumstances of each case whether or not a movement forward in such a situation is necessary, or is the operator to act upon his judgment in view of the situation presented to him? It seems that the word "deemed," as used in this connection, conveys the idea that the standard upon which the operator is to act rests in his judgment. This, of course, implies that he must act reasonably under the conditions presented to him. To hold

otherwise would practically result in eliminating it from the statute and in giving no significance to the word. We are persuaded that the statute should be so construed as to give significance to all its terms. In doing so, the natural meaning is that it is for the operator to determine whether a forward movement is necessary, and his conclusion under the circumstances is controlling on this question, unless he acts unreasonably or in bad faith. An inspection of the complaint shows that this element of the offense was not clearly negatived. It is, however, alleged that the defendant did not stop his automobile after a signal of distress by complainant, who was driving a frightened team of horses, "when a forward movement was not necessary to avoid accident." Had the word "deemed" been inserted before the word "necessary" in this allegation it would have been a literal compliance with the statute.

This brings us to consider whether, under the circumstances, the omission of this word from the complaint renders the description of the offense sought to be charged so defective as to make it void. The allegations descriptive of the offense show that defendant was charged with a violation of this statute, and apprised him with sufficient certainty that the state negatived this element of it, though the allegation is imperfect in form in view of the language of the statute. Under these circumstances the defect is no more than an irregularity within the power of the court to remedy by amendment under secs. 4706, 4742, 2829, 2830, Stats. (1898). If before going to trial an objection to this complaint had been brought to the attention of the court, the court would have been in duty bound to order it amended under these statutes. No objection appears to have been raised to the complaint until after the prosecution had rested its case. This we deem is too late when the difficulty could have been obviated by amendment before trial. The question thus presented is in principle governed by the rule established in the following

cases: *State v. Whitton,* 72 Wis. 18, 38 N. W. 331; *Barnum v. State,* 92 Wis. 586, 66 N. W. 617; *Sires v. State,* 73 Wis. 251, 41 N. W. 81, and cases cited.

It is urged that the evidence is not sufficient to sustain the verdict. It is contended that there is no evidence tending to show that complainant gave a signal of distress to plaintiff in error, and that complainant's horses were not, in fact, frightened at the approaching automobile. The evidence of complainant is direct on these points, and is to the effect that he held up his hand when the automobile came into view at the turn in the road, at a distance of about twenty rods, and that his horses were then frightened. The evidence of other witnesses and the immediately subsequent events tend to corroborate him in these matters and furnish a foundation for the verdict of the jury. Their verdict being necessarily conclusive on these points of warning to defendant when he was. some eighteen or twenty rods distant from the team and whether the horses were then frightened, no room is left under the circumstances of the situation for conflicting inferences as to the want of any necessity to move forward to avoid accident. It is obvious that a forward movement of the automobile necessarily increased the danger, and that the only reasonable and safe course to pursue was to stop the vehicle.

It is contended that the court's instructions to the jury in applying the law to the facts adduced were misleading and confusing in that he failed to explain with sufficient particularity when defendant was required to stop, and as to defendant's rights when he deemed it necessary to move forward to avoid accident. We find the instructions given correctly stated the rules under which the jury upon the conflicting evidence had to determine the issues. The evidentiary facts were not complicated in their nature nor involved in serious uncertainty. The instruction given sufficiently covered the case. If defendant desired more explicit instruction on any subject, written instructions to that effect should have been

presented with the request that they be given. *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249; *Schroeder v. Wis. Cent. R. Co.* 117 Wis. 33, 93 N. W. 837.

Evidence of the speed of the automobile at the time of approaching and meeting complainant was a proper and relevant fact for submission in connection with the other evidence in the case.

Though some evidence regarding assistance by defendant and others in the automobile was admitted, we regard the court's final direction to the jury that no question of this nature was within the issues, and that they had nothing to consider or to determine in respect thereto, a sufficient direction to them to remove all liability of prejudice therefrom.

We discover no prejudicial error in the record.

*By the Court.*—Judgment affirmed.