BIRMINGHAM, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 13—January 31, 1911.*

*Criminal law: Preliminary examination: Insufficiency of evidence: Objection, how taken: Appeal and error: Instructions to jury: Verdict, when upheld*

1. Under sec. 4654, Stats. (1898), providing that no failure or omission of preliminary examination shall invalidate any information unless defendant shall take advantage thereof by plea in abatement, the objection that the evidence before the examining magistrate was insufficient to warrant a finding of probable cause to believe defendant guilty can be taken at the trial only by a plea in abatement.

2. Incompleteness of the charge of the trial court in a criminal case is not ground for reversal, where no instructions were asked by defendant.

3. Where there is credible evidence to support the verdict of guilty and the trial court has refused to set it aside, this court will not disturb it.

ERROR to review a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

The plaintiff in error (hereinafter called the defendant) was tried on an information charging him with burglary in the nighttime, under sec. 4409, Stats. (1898). The jury returned a verdict of guilty and the defendant was sentenced to imprisonment for ten years. The defendant prosecutes a writ of error in this court to reverse the judgment of conviction and relies on the following errors for a reversal of the judgment: (1) Failure of the court to discharge the defendant because the evidence produced at the preliminary examination was not sufficient to warrant the examining magistrate in finding that there was probable cause to believe the defendant guilty of the offense charged; (2) in charging and in failing to charge the jury; (3) in admitting incompetent testimony; (4) in refusing to discharge the defendant because the evidence offered on the trial was insufficient to sustain a verdict of guilty.

*V. W. James,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Alexander Wiley,* district attorney, and *A. C. Titus,* assistant attorney general, and oral argument by *Mr. Wiley* and *Mr. Titus.*

BARNES, J. The trial court did not err in refusing to discharge the defendant on the ground that the evidence before the examining magistrate was insufficient to warrant a finding that there was probable cause to believe him guilty of the offense charged. First, because an examination of the testimony taken at the preliminary hearing convinces us that it was sufficient to warrant the examining magistrate in holding the defendant for trial; and second, under sec. 4654, Stats. (1898), the objection could only be taken by a plea in abatement, and no such plea was interposed.

Complaint is made of the charge to the jury. The alleged

error consists of an act of omission rather than one of commission.    Little fault is found with what the court said and little fault could be found with it, because, to say the least, as far as it went it was beyond criticism.    But it is urged that the charge was not complete in that the court failed to instruct the jury fully on certain matters.    No instructions were asked by the defendant and hence no error was committed.    *McCummins v. State,* 132 Wis. 236, 112 N. W. 25; *Larson v. Foss,* 137 Wis. 304, 118 N. W. 804; *Van de Bogart v. Marinette & M. P. Co.* 127 Wis. 104, 106 N. W. 805; *Hepler v. State,* 58 Wis. 46, 16 N. W. 42; *Sullivan v. State,* 100 Wis. 283, 75 N. W. 956.

Two errors are assigned on the admission of evidence. The testimony complained of might not have been very convincing, but it was competent.

The principal contention of the defendant, and the one in reference to which we entertain the gravest doubts, is that the evidence offered on the trial was not sufficient to warrant a verdict of guilty.    The evidence was wholly circumstantial and the state fell far short of making a strong case on such evidence.    But the jury has returned a verdict of guilty and the trial court has refused to disturb that verdict.    If there is any credible evidence which supports such verdict this court will not disturb it, and the finding of the trial court that there is such evidence will not be overruled unless it appears to be clearly wrong.    *Lam Yee v. State,* 132 Wis. 527, 112 N. W. 425; *Casper v. State,* 47 Wis. 535, 2 N. W. 1117; *Williams v. State,* 61 Wis. 281, 21 N. W. 56; *Boyle v. State,* 61 Wis. 440, 21 N. W. 289; *Santry v. State,* 67 Wis. 65, 30 N. W. 226; *Barnard v. State,* 88 Wis. 656, 60 N. W. 1058; *Jambor v. State,* 75 Wis. 664, 44 N. W. 963; *Vogel v. State,* 138 Wis. 315, 321, 119 N. W. 190.    It was for the jury to draw the inferences arising from the established facts. Whether the conclusion reached has sufficient support in the evidence is a close question.    But we are not convinced that

the finding of the jury and the ruling of the trial court holding that such finding was sustained by the evidence are clearly wrong, and we must therefore decline to disturb the judgment of conviction. It is improbable that another case will arise where a chain of circumstances such as were testified to in the present case will exist, and a recital of the evidence upon which the conviction was based would serve no useful purpose.

*By the Court.*—Judgment affirmed.

[VINJE, J., took no part.