STETSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 14—March 10, 1931.*

*N. Paley Phillips* and *Samuel Goldenberg,* both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* deputy district attorney, and oral argument by *Mr. O'Boyle.*

FOWLER, J.   The defendant assigns as error that: (1) He did not have a proper preliminary examination.   (2) The court did not have jurisdiction because a change of venue was improperly granted.   (3) Perjury was not proven. (4) Cross-examination of an expert witness was improperly limited.

(1) The defendant stood mute on arraignment and a plea of not guilty was entered.   His counsel afterward objected orally to proceeding with the trial for want of a

proper preliminary examination. The court overruled the objection for two reasons, one of which was that a plea of not guilty had been entered. "Failure or omission" of a preliminary examination is waived unless taken advantage of by a plea in abatement before pleading to the merits. Sec. 355.18, Stats. Assuming, but not deciding, that the defendant did not have a proper preliminary examination, the assignment falls because the objection was not timely made and the court might in his discretion refuse to entertain it (*Richards v. State*, 82 Wis. 172, 51 N. W. 652); and because the oral objection was not a plea in abatement (*Birmingham v. State*, 145 Wis. 90, 129 N. W. 670).

(2) The defendant was held for trial to the municipal court. The judge of the municipal court ordered a change of venue from the municipal to the circuit court. The defendant was not present when the original order for change was made. It is urged that the judge of the municipal court had no power to order the change in the absence of the defendant and that the order was void because the judge did not set out in the order any reason for making the change. The act creating the municipal court of Milwaukee county, ch. 7, Laws of 1895, sec. 6, provides that "whenever the judge of the court shall be disqualified to try the cause he may change the place of trial to the circuit court." When the order for the change was made the judge orally stated his reasons for making it but did not have them incorporated in the record, and the files were thereupon transmitted to the circuit court. When the case came up in the circuit court the defendant's counsel objected to the jurisdiction of that court because the order for the change of venue was void for the reasons above stated. The district attorney then asked that the files be returned to the municipal court so that the record might be corrected to show the reason for the change, and the circuit court thereupon sent back the record. After a time the files came back

to the circuit court with the original order for change amended by adding thereto "because of the disqualification of the municipal court," with a record stating the reason of the judge for considering himself disqualified to try the case, which was that an interested party had made statements about the case in his presence of such nature that he considered himself prejudiced, and reciting that the judge had so stated to defendant's counsel in court when the original order was made and that the counsel had then consented to the change. The objection to the jurisdiction of the circuit court was renewed and overruled and the trial proceeded. The statute creating the municipal court provides that when the judge is related to the defendant or complaining witness or has been of counsel or is "otherwise disqualified to try the cause," the venue may be changed. The fact stated by the trial judge constituted a disqualification and authorized removal. The record shows that the defendant was present in court when the municipal court directed correction of its original order and incorporated in the municipal court record the statement of his reasons for the change.

The defendant claims that his constitutional rights were violated by the removal and cites *Lester v. State,* 91 Wis. 249, 64 N. W. 850, in support of his contention. In that case the venue was changed to another county in absence of both the defendant and his counsel and the court held the order void because in violation of our constitutional provision, sec. 7, art. I, that "The accused shall enjoy the right to be heard by himself and counsel; . . . and in prosecutions by indictment, or information, to a speedy public trial . . . in the county or district wherein the offense shall have been committed." As the change here involved was not to another county, there was no violation of the provision last above stated. As to the former provision the court cites Bishop on Criminal Procedure, § 269, *State v. Elkins,*

63 Mo. 159, and *Ex parte Bryan,* 44 Ala. 402, to the effect that the decisions are both ways, but ventures the assertion that in no case had a change made in absence of both the accused and his counsel been upheld. It is generally held that the accused's presence is not necessary if his counsel is present to represent him. 16 Corp. Jur. p. 216 and cases cited. But however this may be, the proceeding had in the presence of both defendant and his counsel when the record was corrected was practically a re-enactment of the original proceeding. The defendant's counsel then objected to the removal in presence of the accused and the court in effect overruled his objection. This cured the defect if the original removal was insufficient.

(3) It is contended that to constitute perjury one must have been "lawfully required to depose the truth," sec. 346.02, Stats., and that the defendant was not *lawfully* required so to do because the proceeding before the court was for the probating of a will, and sec. 310.06 provides for probating a will by the testimony of the subscribing witnesses thereto, and does not authorize the use of other witnesses unless the subscribing witnesses cannot be found; and that as the defendant was put upon the stand *before* the subscribing witnesses were produced, his evidence was not the best evidence under the statute and was therefore incompetent and therefore the defendant was not lawfully required to testify. This seems a far-fetched contention. The statute does not limit the proof that may be offered in probating a will to that by subscribing witnesses. A subscribing witness sometimes forgets the circumstances of the execution and testifies to non-existence of some fact essential thereto. In every such case the proponent is permitted to show existence of the denied fact by persons who were present at the time of the execution. Such testimony being proper, it is entirely immaterial and wholly in the discretion of the court in what order it shall be received. Here there

was no attempt to prove execution of the will without the testimony of the subscribing witnesses. The subscribing witnesses gave their testimony. The defendant as the executor named therein was the proponent of the will and he claimed to have been present when it was executed. His own counsel called him as a witness before calling the subscribing witnesses, stating that it was not the ordinary course of procedure but he wished to take such course because the defense had been interposed that the signatures of the testatrix and the witnesses were forged.

(4) The last point of counsel is that the court improperly limited the cross-examination of a handwriting expert. 2 Wigmore on Evidence (2d ed.) § 991, states that:

"Where a special qualification is required for testimony to a certain fact, the test of that qualification is ascertainable logically by particular instances of the witness's failure to possess or exercise it. On cross-examination there is no doubt that particular instances may be brought out by questions to the witness himself, subject to the trial court's discretion in restricting an examination too lengthy or too trivial."

No cases are stated or cited to support the text and we find none that support it. But if the rule be correct, there was no violation of it here. The witness's attention was called to a certain case involving a charge of forgery of a check and he stated that he was a witness in it. He was asked whether he was not mistaken as to the identity of the defendant's signature on the forged check and answered: "No, that wasn't quite the case, as I recall it." He was then asked to state the case and said that "the defendant was accused of passing a check and standards were submitted which appeared to confirm the authorship." He was then asked whether the man was not discharged because the real forger identified his own signature and whether he ever made a mistake. Objections to these questions were

sustained and correctly so. *Watts v. State,* 99 Md. 30, 57 Atl. 542, 546; *Comm. v. Tucker,* 189 Mass. 457, 76 N. E. 127; *Chicago & E. I. R. Co. v. Schmitz,* 211 Ill. 446, 71 N. E. 1050, 1054. The court at this point rightly refused to permit further like cross-examination. Under the authorities the scope of the cross-examination of experts rests largely in the discretion of the trial court and error lies only in abuse of discretion. 22 Corp. Jur. 723, notes 95, 96, and cases cited.

Some other matters are urged in the brief of counsel, all which we have considered. Discussion or special mention of them would serve no useful purpose. We do not discover that any substantial right of the defendant was affected by anything that occurred on the trial or in the proceedings preliminary thereto. Under sec. 274.37, Stats., the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.