STATE, Respondent, vs. ABDELLA, Appellant.

*March 7—April 8, 1952.*

394

The cause was submitted for the appellant on the brief of *Lee & Becker* of Madison, and for the respondent on the brief of the *Attorney General* and *William A. Platz,* assistant attorney general.

GEHL, J. There was testimony upon which the court might properly find beyond a reasonable doubt, as it did, that the defendant had intentionally pointed and aimed a firearm at one Felix Dreva. He and Dreva had entered into an agreement by which the latter purchased the right to cut timber and wood upon defendant's wood lot. On August 15, 1950, Dreva went to the wood lot to get some wood which had been previously cut. An argument took place. Defendant went to his car, took a pistol from it, and pointed it at Dreva. The pistol was fired. There was a dispute as to the direction which the bullet took. Defendant claimed that Dreva approached him with a hammer which testimony was denied by Dreva. There was also a dispute in the evidence as to whether defendant actually pointed the gun at Dreva. The trial court resolved this conflict against the defendant.

We may not set aside the finding since it does not appear to be against the great weight and clear preponderance of the evidence. *Will of Mechler,* 246 Wis. 45, 16 N. W. (2d) 373.

In his affidavit in support of his motion upon the ground of newly discovered evidence defendant sets up no more than that "he has realized" (without indicating when he made the discovery) that the bullet which was discharged from the gun at the time of the alleged offense can be found in the ground at the scene and that he intends if a new trial is granted to go to the scene in the company of officers and make due and diligent search for the bullet and that such new evidence will, in his opinion, be of sufficient probative force to defeat the charge against him. Among other things

he has failed to show that any diligence to find the evidence before the trial had been used. Under these circumstances, the subject rested in the discretion of the court. *Wilson v. State* (1924), 184 Wis. 636, 200 N. W. 369. His failure to show due diligence is but one of the circumstances which actually compelled the court to deny his motion. Certainly, there was no abuse of discretion.

Defendant contends that the circuit court was without jurisdiction to proceed with the trial in the absence of a formal order of transfer by the county court. Sec. 13 of the Portage County Court Act (Wis. Anno. (1950), p. 1832) provides that a change of venue from the county court shall be to the circuit court for that county. It is true that the act requires that the records and proceedings, "properly certified to be such" shall be transmitted to the circuit court and that no such certificate appears in the record.

He appeared in the circuit court on December 4, 1951. The information was read to him. He appeared again on December 7th for trial. No objection that the certificate was lacking was made upon either occasion. In fact, it does not appear that such objection was made prior to this appeal. Defendant was not prejudiced by the lack of the certificate. The circuit court had jurisdiction of the subject matter and acquired jurisdiction of defendant's person by his appearance for trial.

Sec. 355.09 (3), Stats., provides in part:

"Defenses and objections based on defects in the institution of the proceedings, . . . must be raised before trial by motion or be deemed waived. . . ."

His appearance and failure to make timely objection constitutes waiver of the objection if the proceeding was defective. *Stetson v. State* (1931), 204 Wis. 250, 235 N. W. 539.

That the record fails to disclose that defendant had entered a plea to the information is immaterial. The information was

read to him while he was present in court and it appears that he was fully informed as to the charge against him.

"The principle now declared is that the right of arraignment and plea will be waived by the defendant by his silence when he ought to demand it, in all cases (except capital cases) where it appears that he is fully informed as to the charge against him and is not otherwise prejudiced in the trial of the case by the omission of that formality. Other code states so hold." *Hack v. State* (1910), 141 Wis. 346, 353, 124 N. W. 492.

Defendant contends that the court's error in reciting that he was sentenced under the provisions of sec. 340.69, Stats., was not cured by the order amending the sentence. The information charges violation in the language of the provisions of sec. 340.60. He was found guilty "as charged in the information." The sentence describes the offense as a violation in the language of the same section. Manifestly, the reference to sec. 340.69 was inadvertent or the result of a clerical error. The fact that the court had in mind sec. 340.60 throughout the entire proceedings is indicated by the statement made by him at the close of the trial:

"This is the state of Wisconsin versus Peter J. Abdella. Section 340.60 of the Wisconsin statutes under which the defendant is charged reads as follows:" (After which the court read the statute.)

No prejudicial error resulted from the court's subsequent correction of the record.

*By the Court.*—Judgment affirmed.