# THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY

## v.

## JOSEPH RICHEY.

*Railroads—Negligence of—Personal Injuries—Failure to Signal—Crossings—Practice.*

1.  It is for the jury in a personal injury case to decide from the evidence whether the statutory signals were given upon a certain occasion.

2.  The mere failure to ring a bell or sound a whistle, does not create a liability. It must be shown, in addition, that the injury was occasioned by such negligence, and that the person, when injured, was in the exercise of ordinary care.

3.  An appellate court can not determine whether instructions were properly refused without knowing what instructions were given. The abstract of an appellant is full notice to an appellee of the condition of the record in a given case, and such court must assume that if the record was deficient, his counsel would have had it corrected.

4.  In an action brought to recover damages from a railroad company for personal injuries alleged to have been suffered through its negligence, this court holds, in view of the refusal of certain instructions touching care of the plaintiff and negligence of the defendant, asked by the defendant, that the judgment against it can not stand, the same being material for the proper presentation of the law of its side of the case.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Crawford County; the Hon. S. Z. LANDES, Judge, presiding.

Messrs. WILLIAM H. DYE and CALLAHAN, JONES & LOWE, for appellant.

Mr. GEORGE N. PARKER, for appellee.

SAMPLE, J. Joseph Richey brought this suit for alleged injuries caused by, as averred in his declaration, the negligence of the defendant's servant in failing to ring a bell or sound a whistle on an engine that was then being operated by them

before it reached a highway crossing just north of the town of Flat Rock, whereby he was induced to or did drive his horse attached to a buggy in which he was riding, on to said railroad track, at such crossing, and so near to the approaching train that was giving no signal, that thereby his horse became frightened, suddenly turned about, upset the buggy, and threw the plaintiff violently to the ground, whereby, as alleged, he was seriously injured, while, during all said time, he was exercising ordinary care for his own personal safety. The plaintiff obtained a verdict and judgment below from which this appeal is prosecuted, and many errors assigned, among others, the refusal of the court to give to the jury proper instructions asked by the defendant. It appears from the evidence that the plaintiff had driven up to the railroad crossing of the highway and there waited while one freight train passed over the crossing, and immediately thereafter started to cross over in his buggy, when, as the horse got to the track, another freight train was approaching said crossing quite near but not at a very rapid rate of speed, which frightened the horse so that he turned suddenly, became unmanageable, and after running a short distance, the buggy came in contact with a culvert in the highway which caused the buggy to be upset and the plaintiff to be thrown quite violently to the ground upon his head and shoulders. The train was proceeding north and the plaintiff was crossing the track from the west within a few feet of the south line of the highway; and within the defendant's right of way was a warehouse, and on a side track, which, with the main track, crossed said public highway, there were two or three box cars within, according to the evidence, a very short distance of the highway crossing, all of which doubtless seriously obstructed the plaintiff's view of this second train coming from the south. It further appears from the evidence that the plaintiff did not know, and as he says, did not anticipate, that the second train was following the first one, and therefore, as he crossed the track immediately after the last car of the first train had passed over the crossing, his attention was directed to and attracted by the moving train, and from the evidence it appears that he was looking in

C., C., C. & St. L. Ry. Co. v. Richey.

that direction until his horse, having reached the main track and discovered the second train so nearly upon him, became frightened, turned and upset the buggy as before stated. The plaintiff testified and introduced other evidence tending to show that no bell was rung or whistle sounded to announce the approach of the train, causing as alleged, the accident, while the defendant introduced the men in charge of the train to show that such signals were properly given. It was for the jury to determine the fact about that disputed point. But there is another material element in the case beyond that question, even if the signals were not given, and the defendant thereby was guilty of negligence, and that is, was the plaintiff in the exercise of ordinary care for his own safety? It has been so repeatedly held that no citation of authority is required to support the statement, that the mere failure to ring a bell or sound a whistle does not create a liability. While it is true such failure creates a *prima facie* case of negligence, yet to create a liability two other facts must be established: first, that the injury was occasioned by such negligence; second, that the person injured thereby was in the exercise of ordinary care. As bearing upon this latter fact, the jury answered a special interrogatory that the plaintiff did not make any effort to ascertain whether a train was approaching from the south before attempting to cross the track. Without assuming now to decide, or even intimate, in view of other special findings of the jury and the peculiar facts in this case, that such finding of itself would defeat or bar a recovery, yet it indicates, notwithstanding the other special findings in favor of the plaintiff, that the question was a close one. This brings us to the consideration of an assigned error which must reverse this case. The defendant submitted, as appears by this record, eleven instructions, many of them bearing upon the material question of the duty resting upon the plaintiff to exercise ordinary care, and all of them were refused. The defendant has no given instruction in this record; the defendant offered the following instructions which we hold were material for the proper presentation of the law of its side of the case and were improperly refused: first, that the plaintiff

can not recover in this action unless a preponderance of the evidence satisfies the jury of the following facts: that the plaintiff in approaching the railroad crossing exercised due caution and care for his own personal safety; second, that the servants of the defendant in charge of the train which plaintiff claims frightened his horse were guilty of negligence; and third, that the plaintiff was injured by reason of the negligence of defendant's servants in charge of said train. If the evidence does not establish the truth of each of the foregoing propositions by a fair preponderance of evidence, the jury should find a verdict in favor of the defendant. The jury are also further instructed as a matter of law that the omission by the defendant or its servants to ring the bell or sound the whistle at public crossings, if proven, is not of itself sufficient to authorize a recovery by the plaintiff, if the jury believe from the evidence that the accident, by the exercise of ordinary care, might have been avoided. It is quite apparent that it was highly important to the defendant to have the jury instructed as to what the plaintiff must prove in order to entitle him to recover, and especially as to the duty resting upon him under the law to have exercised care to avoid the accident. It is suggested by appellee's counsel in an appendix to his argument, that by an examination of the record, it will appear that "all the instructions asked by appellant were given." In this he is mistaken, for on the contrary the record shows (which alone must govern us) that no instructions were given for appellant, but that they were all refused. If instructions were in fact given for the appellant on the trial below, then, to put it mildly, this is a very imperfect record. An appellate court can not determine whether instructions were properly refused without knowing what instructions were given. The abstract of appellant was full notice to the appellee of the condition of the record, and we must assume, if the record was deficient in this respect mentioned, that his counsel would have had it corrected. The judgment is reversed and the cause remanded.

*Reversed and remanded.*