Schillinger vs. The Town of Verona.

SCHILLINGER, Respondent, vs. THE TOWN OF VERONA, Appellant.

*September 10 — October 2, 1894.*

*Highways and bridges: Injury caused by defects: Evidence: Instructions: Court and jury: Improper remarks of counsel.*

1. In an action against a town for injuries alleged to have been caused by a defective highway, it was error to permit a witness for the plaintiff to testify that, on the morning after the accident, the plaintiff pointed out to her the exact place where it occurred.

2. The refusal to give an instruction to the effect that it was incumbent upon the plaintiff to establish the facts essential to a recovery by a *preponderance of proof,* is *held* to have been error, such facts having been contested and nothing equivalent to such instruction having been given in the general charge.

3. The question as to the insufficiency of an embankment which constituted the approach to a bridge, and which had no railing on either side, is *held,* upon the evidence (which was conflicting as to the width, length, and height of the embankment), to have been a question of fact for the jury.

4. Upon the first trial of an action against a town for injuries alleged to have been caused by a defective highway, one C. testified for the plaintiff, but upon a second trial he was not called as a witness. In the closing argument to the jury plaintiff's counsel said: " I will offer now, if [defendant's counsel] will agree, to have it [C.'s testimony on the former trial] read in evidence. He don't dare do it." The court ruled that this was improper. Counsel proceeded: " We

did not call C. because they elected him a member of the town board of this town. It was a piece of fine work. . . . We could not call C. and ask him what he testified to on a former trial. If he changed his evidence we would be bound by his testimony. But we did this,— we called him to the stand and asked the court if we could cross-examine him, under the rule you may cross-examine a party." Upon objection the court ruled that this was proper. *Held*, a material error.

APPEAL from the Circuit Court for *Dane* County.

The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief signed by *Olin & Butler*, and oral argument by *H. L. Butler*, *J. M. Olin*, and *Burr W. Jones*. To the point that the remarks of counsel concerning the testimony of Mr. Cowie should work a reversal, they cited, besides cases cited in the opinion, *Thompson v. T., A. A. & N. M. R. Co.* 91 Mich. 255; *Sullivan v. Deiter*, 86 id. 404; *Augusta & S. R. Co. v. Randall*, 85 Ga. 297; *Moody v. Ala. G. S. R. Co.* 99 Ala. 553; *Rudolph v. Landwerlen*, 92 Ind. 34; *Laubach v. State*, 12 Tex. App. 583; *Conn v. State*, 48 Am. Rep. 337, note, 11 Tex. App. 380; *Hall v. Wolff*, 61 Iowa, 559; *Galveston, H. & H. R. Co. v. Cooper*, 70 Tex. 67; *Union Cent. L. Ins. Co. v. Cheever*, 36 Ohio St. 201; *Attaway v. Mattox*, 14 S. W. Rep. 1017; *Koelges v. Guardian L. Ins. Co.* 57 N. Y. 638; *Cleveland P. Co. v. Banks*, 15 Neb. 20; *Perkins v. Burley*, 64 N. H. 524; *Indianapolis J. N. P. Co. v. Pugh*, 6 Ind. App. 510; *Louisville & N. R. Co. v. Orr*, 91 Ala. 548; *Bullard v. B. & M. R. Co.* 56 Am. Rep. 819, note, 64 N. H. 27.

For the respondent there was a brief by *La Follette, Harper, Roe & Zimmerman*, and oral argument by *G. E. Roe*. They contended, among other things, that the evidence of the witness Meng, to which exception was taken, was not offered or admitted to prove the truth of the fact stated to the witness, but merely to show what it was that called her attention to a fact stated by her, or that fixed the fact in

her memory; and its admission was not error. *State v. Fox*,
25 N. J. Law, 566; *Reed v. Madison*, 85 Wis. 667; *Karr v.
C., R. I. & P. R. Co.* 54 N. W. Rep. 144; *Harris v. Cent.
R. Co.* 78 Ga. 525; *Hill v. North*, 34 Vt. 604–616. The
plaintiff having assumed the burden of proving that the
defect had existed for a sufficient length of time to charge
the town with constructive notice, the instruction asked by
the defendant upon the burden of proof became unneces-
sary. *Spaulding v. C. & N. W. R. Co.* 33 Wis. 582; *Goff v.
Stoughton S. Bank*, 78 id. 106; *Fletcher v. Milburn Mfg.
Co.* 35 Mo. App. 321–329; *Blum v. Strong*, 71 Tex. 321.
The question whether the narrow, high approach to the
bridge, unguarded by any barrier, was a defect, is not a
question upon which reasonable men might differ. *Seymer
v. Lake*, 66 Wis. 651; *Prideaux v. Mineral Point*, 43 id.
513; *Fopper v. Wheatland*, 59 id. 623. The remarks of
counsel in regard to the testimony of John Cowie were not
improper. *Grace v. McArthur*, 76 Wis. 641; *Dugan v. C.,
St. P., M. & O. R. Co.* 85 id. 609; *Smith v. Nippert*, 79 id.
135.

ORTON, C. J. This is the second appearance of this case
in this court, and the facts are sufficiently stated in 85 Wis.
589. The plaintiff was driving a two-horse buggy towards
the bridge from the north, and when the team had passed
up the embankment which formed the approach to the
bridge, and about thirty-three feet on the bridge, they
stopped at a wide knothole and crack between the planks,
through which they could see the running water in the
river below, and commenced backing, and, according to the
plaintiff's testimony, the rear wheels had turned to the east
and the buggy went over the embankment just at its con-
nection with the bridge,— but, according to testimony on
behalf of the town, several feet further down the embank-
ment,— and the plaintiff was injured. The embankment at

the bridge was ten feet wide and about seven feet high, but was wider further down, and of course the height became less. The jury found that the hole in the bridge was naturally calculated to frighten horses of ordinary gentleness, and that plaintiff's horses were frightened by it, and that the town had notice of it, but they did not find that it was a cause of the accident. The jury found, also, that the insufficiency and want of repair of the approach to the bridge was one of the direct causes of the injury; and the court ruled, as a matter of law, that the approach was in a condition of insufficiency and want of repair. The verdict was $2,000 damages for the plaintiff.

It is to be regretted that this case has to be remanded for a third trial, on account of errors which we deem too material and important to be overlooked.

1. Catherine Meng, a witness for the plaintiff, testified that on Monday morning (the next day after the accident) she went with the plaintiff to the north end of the bridge in a buggy, and stopped a moment to see where the accident happened and how it looked. This witness was asked by plaintiff's counsel " whether the plaintiff pointed out to her the place where he went over the embankment, or not." This question was objected to, on the ground " that it was immaterial and hearsay." The court overruled the objection, and the witness answered: " Yes; he pointed out to me where he went over the embankment at the north end of the bridge." The answer was objected to as improper and the objection was overruled. This testimony, if it was proper, corroborated the testimony of the plaintiff that he went over the embankment at the north end of the bridge, or within two or three feet from the bridge. The place where the buggy went over the embankment was in dispute and material. The witness was allowed to testify to the statement of the plaintiff of a material fact in the case. This statement was not contemporaneous with the

accident, or immediately connected with it, or a verbal part of the *res gestæ.* The ruling was clearly erroneous. *Sorenson v. Dundas,* 42 Wis. 642; *Felt v. Amidon,* 43 Wis. 467; *Mutcha v. Pierce,* 49 Wis. 231; *Prideaux v. Mineral Point,* 43 Wis. 513, 522; *Galveston v. Barbour,* 62 Tex. 172, 50 Am. Rep. 519.

2. The defendant's counsel requested the court to instruct the jury "that the burden of proof is upon the plaintiff to show that the defect existed in the highway in question which caused the injury to the plaintiff, and to further show that the said defect was of such a character and existed for such a length of time that the town authorities are presumed to have known of it; and unless you find that the plaintiff has established these points by a *preponderance* of proof he cannot recover and your verdict should be for the defendant." This instruction the court refused to give, and defendant excepted. These three facts were material for the plaintiff to prove: (1) The defect in the highway. (2) That such defect caused the injury. (3) That it was of such a character and had existed so long as to imply notice to the town. These issues were presented to the jury in the general instructions, but that these points must be established by a *preponderauce of proof* is not found anywhere in the charge of the court. This is a correct rule of evidence, which the court ought to have given, especially when requested. All the essential points of the case had been severally and ably contested, and it was highly proper that the jury should understand this rule. *Bean v. Elton,* 44 Ill. App. 442; *Cleveland, C., C. & St. L. R. Co. v. Richey,* 43 Ill. App. 247; *Gordon v. Richmond,* 83 Va. 436; *Watt v. Kirby,* 15 Ill. 200; *Texas T. R. Co. v. Ayres,* 83 Tex. 268.

3. The court instructed the jury as follows: "I have stated in your hearing, upon the facts as disclosed by the testimony it stands without dispute that this embankment

is insufficient and in want of repair; that it is defective, in view of its construction, as to its width and length and the fact that no railing or guard was placed along the margin thereof, so that in your deliberation upon the case you must assume this is a fact." The fifth question in the special verdict was as follows: "Was the highway forming the approach to the north end of the bridge in a condition of insufficiency and in want of repair?" The court answered this question, for the jury, "Yes." This was error, for two reasons: (1) It condemns the *whole* or *entire* embankment as being insufficient and in want of repair. It was not material to inquire any further than that part of the embankment where the buggy went over it. (2) It was a litigated and disputed question of fact for the jury. The witnesses differed as to the width and length of the embankment, and as to its height. There were many things to be considered by the jury in passing upon this question. Is it certain that it ought to have been wider and longer, and that there ought to have been a railing on each side of the embankment, to make it a safe and suitable highway for *ordinary* travel? Did its width and length have anything to do with the accident? Here the team was *backing*, and not using the embankment in the usual manner. It was an unusual and extraordinary method of traveling. Was such a use of the embankment to have been expected or anticipated? Was the town bound to provide against it? The embankment was made by placing stumps and broken pieces of wood, and perhaps stone, as a foundation, and then covering it with earth until it was hard and smooth at the surface. It had sloping banks. How could a railing be placed on such an embankment? These are questions appropriate for a jury. The insufficiency of an ordinary highway is a question of fact for a jury, unless the evidence is all one way and the insufficiency clear and beyond question. We think the court erred in taking this

question from the jury. *Kenworthy v. Ironton,* 41 Wis. 647; *McNamara v. Clintonville,* 62 Wis. 207; *Malloy v. Walker,* 77 Mich. 448; *Hill v. Fond du Lac,* 56 Wis. 246.

4. It seems that one John Cowie testified on behalf of the plaintiff on the former trial, and his testimony had been taken down by the reporter. During the closing argument of Mr. La Follette, one of the counsel of the plaintiff, he made the following statement and proposition: "John Cowie's testimony is in that book certified. You can't know what it is. It is not properly in evidence. [To defendant's counsel:] I will offer now, if Mr. Jones will agree, to have it read in evidence. He don't dare do it." The court said: "Oh, that is improper." The defendant's counsel excepted to the remarks of the plaintiff's counsel, and the court said: "It is entirely improper." Mr. La Follette: "We didn't call Mr. Cowie because they elected him a member of the town board of this town. It was a piece of fine work on the part of Mr. Doyle or some of them." This was objected to by defendant's counsel. The court said, "I presume it is proper;" and an exception was taken thereto. Mr. La Follette: "John Cowie was elected a member of the town board." This was also excepted to, and the court said: "That is proper. He swore to that himself." Mr. La Follette: "We could not call John Cowie and ask him what he testified to on a former trial. If he changed his evidence we would be bound by his testimony. But we did this — we called him to the stand, and asked the court if we could cross-examine him, under the rule you may cross-examine a party." This was also excepted to, and the court said: "They did that." This was an abuse of the privilege of counsel in presenting his case to the jury. It was a statement of facts not in evidence, for the purpose of influencing the jury. The remarks of the counsel which were disapproved by the court, and the colloquy between the court and the counsel, were both highly im-

proper and exceptionable. The offer of counsel to cross-examine this Mr. Cowie was a matter of no concern to the jury, nor his election to the town board. Mr. Cowie's election to the town board since he testified for the plaintiff on the former trial is complained of before the jury as a special grievance and an unfair scheme to deprive the plaintiff of his testimony on the present trial. The counsel knew that the election to the town board of Mr. Cowie did not affect his competency as a witness. It was an unwarrantable imputation upon his honesty and integrity as a witness, which should not have been allowed as a reason for not calling him again as a witness, as well as foreign and extraneous to the case properly before the jury. We cannot but regard this as a material error on the trial of this case. *Brown v. Swineford,* 44 Wis. 282; *Baker v. Madison,* 62 Wis. 137; *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114; *Sasse v. State,* 68 Wis. 530; *Waterman v. C. & A. R. Co.* 82 Wis. 613; and many cases elsewhere cited in appellant's brief.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.