REFFKE, Administrator, Respondent, vs. PATTEN PAPER COMPANY, LIMITED, Appellant.

*October 2—October 20, 1908.*

*Master and servant: Death of servant: Negligence: Special verdict: Indefiniteness: Appeal: Reversal: Directing new trial: Instructions to jury: Defining "ordinary care."*

1. In an action for death of an employee in a mill a special verdict from which it cannot be determined whether the jury found that defendant was negligent in not furnishing a safe working place for deceased, in furnishing an unsafe machine at which to work, or in exposing him to unguarded and unfenced belting, gearing, shafting, etc., so located as to be dangerous to employees, all of which forms of negligence were charged in the complaint, is *held* so indefinite and defective as to necessitate a new trial, in view of the fact that the defense of assumption of the risk, available as to the other matters, was not, under sec. 1636*jj*, Stats. (Supp. 1906; Laws of 1905, ch. 303), avail-

able as to the unguarded gearing, and that the rights of the parties in that respect seem to have been overlooked at the trial.

2. On reversal of a judgment in plaintiff's favor in an action for death caused by negligence, where the evidence, though tending to show defendant's negligence, was too vague and conjectural to justify a finding that such negligence proximately caused the death, but the court is not satisfied that all the available evidence on these questions was adduced on the trial, a new trial is ordered.

3. Instructions to the jury defining ordinary care as "such care as a prudent man of the requisite skill will take under the circumstances of the particular case" and "such care as ordinarily prudent men exercise in matters affecting their own interests," are *held* erroneous.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

An action to recover damages for personal injuries to plaintiff's intestate, which are alleged to have been caused by defendant's negligence. The defendant is a corporation engaged in the manufacture of paper at Appleton, Wisconsin. Leo Reffke, plaintiff's intestate, was employed as a laborer in defendant's paper mill and was engaged as a helper to operate a paper machine. It is alleged that Leo Reffke was twenty-one years old at the time of accident, namely, November 21, 1906; that he was of limited experience in the work as a helper; that a part of his duties as such helper consisted in placing drier felt on a revolving pulley and in removing such drier felt while the pulley and belt were in motion, and it is alleged that he was injured while in the performance of the duty. It is alleged that defendant was negligent in not furnishing the deceased a safe machine, a safe place to work, and that the defendant negligently exposed him to unguarded and unfenced belting, gearing, shafting, and flywheels, making them dangerous, and that such negligence of the defendant was the proximate cause of the decedent's injuries and death. The plaintiff sues to recover the damages caused by such injuries and death. The deceased was unmarried and had no children, but left his

father, the plaintiff, and Hermina Reffke, his mother, surviving him. Plaintiff was duly appointed administrator of decedent's estate.

The defendant admits that it is engaged in the paper manufacturing business as alleged, that Leo Reffke was in its employ, and was on the day of the accident engaged as a machine helper; denies that it was negligent in any of the respects charged by the plaintiff; alleges that it furnished decedent safe and suitable machines at which to work, a safe place in which to perform his work, and that it properly guarded and fenced all dangerous belting, shafting, gearing, and pulleys; and denies that decedent was exposed to any dangerous, unguarded, and unfenced machinery and appliances as alleged by plaintiff.

The case was tried to a jury, which rendered a special verdict. The second question of the special verdict is: "At the time and place in question, did the defendant use ordinary care and prudence to prevent injury to the plaintiff's intestate while engaged in performing his duties as employee?" The jury answered this question in the negative. By questions 3 and 4 the jury found that "the defective and unsafe condition of the machinery and appliances alleged to have existed at the time and place in question [was] the proximate cause of the injuries," and that such condition had existed a sufficient length of time for the defendant, in the exercise of ordinary care, to have discovered and repaired it. They also found that the deceased was not guilty of any want of ordinary care which contributed to produce his injuries, and assessed the damages plaintiff sustained as a result of Leo Reffke's death. Judgment was awarded against the defendant for the amount of damages assessed by the jury and the costs of the action. From this judgment defendant appeals.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent the cause was submitted on the brief of

*Albert H. Krugmeier, A. M. Spencer,* and *Frederick V. Heinemann.*

SIEBECKER, J.    The appellant urges numerous errors. They need not all be considered, in view of our conclusion that the special verdict does not cover the material issues with sufficient certainty to show unequivocally how the jury resolved the issues litigated.

The complaint charges that the defendant negligently furnished the deceased an unsafe place to work, that it negligently furnished an unsafe and dangerous machine at which he was engaged to work, and that it negligently omitted to safely guard or fence, for the protection of the deceased, the shafting, belting, gearing, and flywheels so located in its factory as to be dangerous to its employees.    The defendant denied these charges of negligence, and the issues thus raised were litigated upon the trial.    In answer to one of the questions of the special verdict the jury found that "at the time and place in question the defendant [did not] use ordinary care and prudence to prevent injury to the plaintiff's intestate while engaged in performing his duties as employee," and by their answer to another question they found that the "defective and unsafe condition of the machinery and appliances alleged to have existed at the time and place in question [was] the proximate cause of the injuries."    From these findings it cannot be ascertained whether the jury found that the defendant was negligent in not furnishing a safe place in which to work, in not furnishing reasonably safe machinery and appliances, or in failing to properly guard and fence, for the protection of its employees, the machinery and appliances in the paper mill so located as to be dangerous to its employees.    All of these grounds of negligence are included in the complaint and should be definitely covered by the verdict.

The indefiniteness of the verdict becomes a material consideration in view of the allegation that defendant violated

the provisions of sec. 1636*j*, Stats. (1898), by omitting to properly guard the belting and machinery to protect its employees from danger. If the jury found the defendant guilty of this alleged negligence and that it was the proximate cause of the injury to the deceased, then, under sec. 1636*jj*, Stats. (Supp. 1906), the deceased could not be held to have assumed the risk; but if they negatived this charge of negligence and found that the injury was caused by any of the other alleged grounds of negligence, then this defense would be available in the case. The rights of the parties under the law respecting this defense under these different situations seems to have been wholly overlooked on the trial of the case. *Klotz v. Power & M. M. Co., ante,* p. 107, 116 N. W. 770. In view of the rights of the parties under these issues, the case was not submitted under proper instructions, and we are therefore not informed by the special verdict that the jury passed on these questions, and the record is left so defective that a new trial will be required.

It is contended by the appellant that the court should have directed a verdict in its favor because there is no evidence of negligence. The record is very unsatisfactory on this subject. The facts and circumstances of the accident as elicited before the court and jury do not clearly indicate that the evidentiary facts available were fully disclosed, and, so far as shown, additional testimony may be forthcoming upon a new trial. The evidence adduced on the question of defendant's negligence justified the court in denying defendant's motion for direction of a verdict upon the ground that there was no evidence tending to support any of the allegations of negligence. The evidence adduced on this trial upon the question of whether defendant's negligence proximately caused the injury to the deceased is too vague and conjectural to support the jury's finding to question 3 of the special verdict, which covers the issue of proximate causation. But, as indicated above, we are not satisfied that all of the evidence on these questions was adduced upon the

trial, and we therefore deem it proper to order a new trial of the case.

In view of this result it is not necessary to consider all of the exceptions argued, but we deem it well to call attention to some which are likely to arise upon a retrial of the cause. The court in its instructions to the jury gave various definitions of ordinary care, among which were these:

"Ordinary care is such care as a prudent man of the requisite skill will take under the circumstances of the particular case."

"Ordinary care is such care as ordinarily prudent men exercise in matters affecting their own interests."

These definitions are not in harmony with the standard of ordinary care adopted and approved in the decisions of this court. They erroneously fix the standard of ordinary care as measured by the conduct of "prudent men of the requisite skill," and as such care as "prudent men exercise in matters affecting their own interests."

The court in effect instructed the jury that there was no evidence tending to show that deceased was guilty of negligence contributing to cause his injury. We are of opinion that this was erroneous. The facts and circumstances of the case bearing on this issue are not so clear that it can be determined by the court as a question of law in his favor. This question should have been submitted to the jury with appropriate instructions, and the jury's attention should have been called to the provisions of sec. 1636*jj,* Stats. (Supp. 1906), which exempts him from the assumption of risk under certain circumstances.

*By the Court.*—The judgment of the lower court is reversed, and the cause remanded for a new trial.