LARSON, Respondent, vs. FOSS, Appellant.

*November 30—December 15, 1908.*

*Master and servant: Existence of relation: Evidence: Sufficiency:
Agency: Trial: Instructions to jury: Special verdict: Sufficiency.*

1. In an action to recover on a contract for personal services, the
   evidence, stated in the opinion, is *held* to establish a con-
   tract upon the showing of actual authority of defendant's son
   in the matter, or of apparent authority and reasonable reliance
   thereon, or of assumption of such authority and reliance there-
   on followed by ratification by defendant.
2. In an action to recover on a contract for personal services, an
   instruction as to the question of how long a period plaintiff
   was promised by defendant's son he should receive the increased
   wages claimed, though not very happily worded, is *held* to be
   free from any error, and not so phrased that the jury could
   reasonably have been misled.
3. In an action to recover on a contract for personal services, the
   special verdict, stated in the opinion, is *held* to have sufficiently
   covered the case to save the judgment from being disturbed for
   prejudicial error as to the form of the verdict.
4. A finding of a special verdict, in an action for personal services,
   that plaintiff worked a specified number of days as foreman,
   he having been originally hired as a common laborer, is *held*
   to have sufficiently informed the court how long plaintiff worked
   at the second employment, where the necessary inference from
   the findings, with the undisputed evidence, was that all the
   work defendant did as foreman was under the second contract.

APPEAL from a judgment of the circuit court for Lincoln
county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Action to recover on contract for personal services. The
controversy was as to the amount due and involved two coun-
terclaims.

There was evidence to the effect that defendant, while
running a general lumbering business with his son Louis in
charge as general foreman, employed plaintiff to work in
the woods at $32 per month, doing common labor; that after
working nine days Louis set plaintiff at work in the capacity
of foreman, increasing his wages to $40 per month; that he

continued at work as foreman in the woods and defendant's mill yard without anything further being said about compensation till the time of settlement between the parties; that defendant then insisted plaintiff was only entitled to $32 per month, and that Louis had no authority to change the contract, while plaintiff claimed he was entitled to $40 per month. There was evidence tending to show that Louis had general charge of the work, hiring and discharging men, fixing wages, and acting in the capacity of general agent, and that defendant knew soon after plaintiff commenced as foreman of the fact in that regard and made no suggestion but that the change met with his approval. Both defendant and his son testified that the latter had no authority to make the alleged bargain, but Louis admitted he put plaintiff in the position of foreman, promising him additional wages. There was a conflict between Louis and plaintiff as to when the bargain was made and as to the amount of the increased wages agreed upon and the length of time the latter worked as foreman. The jury found in plaintiff's favor, rendering a special verdict, as follows: The contract at first was for wages at $32 per month. Plaintiff worked nine days under such contract. Defendant's son, assuming to act in his behalf, then made a new contract with plaintiff that he should work as foreman and receive $40 per month. Plaintiff was promised the $40 per month as long as he acted as foreman. He so acted 371 days. Defendant knew plaintiff was acting as foreman under a contract made with Louis. Plaintiff had good reason to believe Louis had authority to make the contract. Defendant is entitled to credit of $3.50 on the first counterclaim and $36.61 on the second. In accordance with this verdict judgment was rendered in plaintiff's favor for $141.75, with costs.

For the appellant there was a brief by *Reid, Smart & Curtis,* and oral argument by *E. M. Smart.*

*John Van Hecke,* for the respondent

MARSHALL, J.    As will be seen by the statement, the case was submitted to the jury, supposing there was evidence tending to prove appellant's son, either acting by apparent or mere assumption of authority, made the alleged contract with respondent; that the latter, in reasonable belief of such authority existing, joined in the agreement; that appellant, thereafter, with knowledge of such facts as reasonably charged him with notice of the existence of some new agreement, the benefit of which he was enjoying, confirmed respondent in his impression as to the son's authority by not raising any objection to the change, and that he thereby ratified it.

There can be no question but that it was competent for respondent under the pleadings to establish the contract sued on, either by showing actual authority of appellant's son in the matter, or apparent authority and reasonable reliance thereon, or assumption of such authority and such reliance and ratification by appellant.    It is the opinion of the court that there was sufficient evidence to establish the contract on either of the two theories the case was submitted on, and that some evidence allowed under objection, to which our attention is called, was competent in that view.

The case is very simple, as regards assignments of error respecting the form of the verdict and rulings on objections to and motions to strike out evidence.    They are all covered, in general, by what has been said and are not of sufficient dignity, as appears to us, to require any detailed or extensive treatment.

The court instructed the jury as to the question of how long a period plaintiff was promised by appellant's son he should receive the increased wages:

"You must find from the evidence . . . and be satisfied what it was, and if there is no evidence to satisfy you as to what it was, you must reconsider carefully the whole evidence and from such evidence conclude if you can as to what the answer to that question should be. . . ."

Larson v. Foss, 137 Wis. 304.

Counsel for appellant argue that the jury ought to have been told that they should be satisfied from the preponderance of the evidence as to what their answer should be, and instructed as to the burden of proof.

The instruction was not very happily worded, but we are unable to discover any error therein, or that the jury could reasonably have been misled. They doubtless understood they were required to determine the specific time agreed upon, if any, and if they were unable to find there was such time, they should determine from the whole evidence the proper answer to the question. True, to have spoken accurately, the court should have admonished the jury that they were required to reach a conclusion to a reasonable certainty, or be satisfied, of the truth as to the controversy from the preponderance of all the evidence bearing thereon. But the instruction was correct, so far as it went. It plainly told the jury, in effect, that in answering the question they should be satisfied from all the evidence in the case bearing thereon that their answer was in accordance with the right of the controversy. That was sufficient so long as appellant maintained silence as to desiring more explicit instructions. *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377. There was no request therefor. If counsel desired such they should have requested the same in writing at the proper time. *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249; *Schroeder v. Wis. Cent. R. Co.* 117 Wis. 33, 93 N. W. 837; *McCummins v. State,* 132 Wis. 236, 241, 112 N. W. 25. Under the circumstances on this point appellant has no legal ground for complaint.

The point is made that the verdict does not fully cover the issues on the theory of its submission, for want of a finding that respondent, in contracting with appellant's son, relied upon his apparent authority in that regard, or any finding that the son was held out by appellant as having the authority he assumed to exercise. True, the verdict was not as

skilfully framed as it might have been. It would have been more orderly and comprehensive to have submitted a question as to holding out by appellant, one on reasonable reliance thereon by respondent; one on what the contract was which resulted; one as to the amount unpaid for the services rendered, and to round out the verdict on assumption of authority and ratification, by appellant's silence with knowledge of the fact, two questions on those subjects. However, from the question as to assumption of authority, the one as to reasonable ground for belief in the existence of authority in fact, and the one that appellant knew of the radical change in respondent's work, with the undisputed evidence as to silence, supporting the answer respecting notice that the change was based on new contract relations, sufficiently covered the case to save the judgment from being disturbed for prejudicial error as to the form of the verdict.

Further objection is made that the verdict failed to inform the court how long respondent worked under the second contract; that the finding that he worked 371 days as foreman is not sufficient. That is hypercritical. The necessary inference from the findings, with the undisputed evidence, that all the work respondent did as foreman was under the second contract, covers the point.

Nothing further need be said. It is not thought best to burden the records with a discussion of the evidence, pointing to features thereof upon which the jury might reasonably have reached the conclusion which they did. As before indicated, it is the opinion of the court that such features significantly appear.

*By the Court.*—Judgment affirmed.