ANDERSON, Respondent, vs. SPARKS, Appellant.

*March 16—April 5, 1910.*

*Automobiles: Negligence: Collision on highway: Contributory negligence: Questions for jury: Special verdict: Instructions to jury: Defects in form: Credibility of witnesses: Evidence: Self-serving declarations: Appeal: Harmless errors: New trial: Newly discovered evidence: Diligence: Damages.*

1. One who, while driving an automobile at night, runs into a wagon which has been stopped on the proper side of the highway to permit him to pass, is guilty of negligence whether he struck the wagon by turning into it or by running on the wrong side of the highway.

2. Where one driving in a wagon on a dark night, in the middle of a highway having a traveled track eighteen feet wide with a ditch on each side, turned to the right as soon as he saw the lights of an approaching automobile and stopped, leaving plenty of room for it to pass without danger, and about a minute after he saw the lights his wagon was struck by the automobile, he was not

Anderson v. Sparks, 142 Wis. 398.

necessarily guilty of contributory negligence even if his wagon, when struck, was slightly over the center line of the highway; but the question was one for the jury.

3. Questions submitted for special verdict in such case, as to whether defendant used ordinary care in handling and running his automobile at the time he was approaching and met the plaintiff; as to whether his want of ordinary care, if found, was the proximate cause of the injury; as to whether any want of ordinary care on plaintiff's part contributed to the injury; and as to the damages,—accompanied by a proper charge to the jury, fairly covered the issuable facts, and it was not error to refuse to submit other questions as to evidentiary facts, such as whether the automobile at the time of the collision was running as far to the right of the highway as was practicable, and whether the wheels of the wagon were over the center line of the highway.

4. Defects in the form of an instruction, by which the jury could not have been misled, do not constitute prejudicial error.

5. An instruction as to matters to be considered by the jury in determining the credibility of witnesses, if correct as far as it goes, is not erroneous merely because it omits some matters which might properly be considered. If further or more explicit instructions are desired in such a case, they should be requested. *Schmitt v. Mil. St. R. Co.* 89 Wis. 195, distinguished.

6. In an action for personal injuries the admission of testimony of a witness that, shortly after the accident, he asked the plaintiff if he was hurt and that plaintiff complained about his knee and fingers, was not a prejudicial error.

7. In an action for injuries sustained when plaintiff's wagon was run into by an automobile,.testimony of a witness that after the accident he and the plaintiff together examined the tracks which they thought were the automobile tracks, was properly admitted where the witness, although he used the pronoun "we," testified to what he knew and saw, and not to any declarations or narrative of the plaintiff.

8. A new trial asked on the ground of newly discovered evidence may properly be denied where there was a want of due diligence to discover such evidence.

9. An award of $250 for injuries to person and property caused by an automobile being negligently run into a wagon on the highway, is *held* not excessive.

Appeal from a judgment of the circuit court for Columbia county: Chester A. Fowler, Circuit Judge. *Affirmed.*

This action was brought to recover damages occasioned by a collision between the plaintiff's horse and wagon and the defendant's automobile. The complaint alleges that on the 15th day of October, 1908, at about 7 o'clock p. m., the plaintiff was traveling in a wagon drawn by one gentle horse, the property of plaintiff, along a public highway known as the Columbus road, in the town of Lodi, Columbia county, Wisconsin, which highway is used by the general public for travel, and that at the time in question the defendant was the owner of an automobile and was traveling therein upon the highway mentioned; that when plaintiff saw the defendant's automobile approaching he drove to the right of the traveled track; that the defendant negligently and carelessly managed and drove his automobile, and by reason of the careless and negligent manner in which he drove and managed it ran into the plaintiff's wagon, thereby throwing plaintiff from said wagon, causing the injuries complained of. The defendant answered admitting the ownership of the automobile and that he was traveling therein at the time and place mentioned, and denying each and every other allegation in the complaint. The jury returned the following verdict:

"(1) Did the defendant use ordinary care in handling and running his automobile at the time he was approaching and met the plaintiff? *A.* No.

"(2). If to the above question you answer 'No,' then was the want of ordinary care thus found the proximate cause of the plaintiff's injury? *A.* Yes.

"(3) Was there any want of ordinary care on the part of the plaintiff that contributed to produce his injuries? *A.* No.

"(4) What sum will compensate the plaintiff for the injuries he sustained? *A.* $250."

After verdict and before judgment the defendant made separate motions to change the answers to questions 1, 2, and 3 of the verdict, and for judgment in his favor on the verdict as so amended, which motions were denied and due excep-

tions taken.   The defendant also moved for an order setting aside the verdict and for a new trial upon newly discovered evidence; also moved upon the minutes for a new trial, which motions were denied and due exceptions taken.   Thereafter judgment was rendered upon the verdict in favor of the plaintiff and against the defendant, from which this appeal was taken.

For the appellant there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

KERWIN, J.   It is urged by counsel for appellant that the court erred in refusing to change the answers in the special verdict on the ground that such answers of the jury are not supported by the evidence.   We cannot agree with counsel in this contention, but, on the contrary, think the questions submitted upon the evidence were fairly jury questions.   The Columbus road, upon which the accident occurred, extends in an easterly direction from the village of Lodi and is a much traveled public highway.   The point of accident was about 250 feet east of the village limits, and the traveled portion at this point is about eighteen feet wide with a ditch on each side, there being also along the north edge of the traveled road a foot-path used by pedestrians.   About 650 feet east of the place of accident the road ascends, and from that point to the village limits the view is unobstructed.   North of the road and about 600 feet west from the place of accident is an electric light station, the light being suspended about twelve feet above the ground, but owing to the slope from the location of the light to the highway the light is about on a level with the highway.   There were also other lights in close proximity to the highway.   These lights had a blinding effect upon the defendant, who was traveling toward them at the time of the accident.   The defendant was forty-

three years of age, was familiar with the highway and lights, and at the time in question was operating a two-cylinder Ford, ten horse-power machine going toward the village of Lodi, one Granat riding with him. The automobile had a wheel base of eighty-two inches, its width being of standard gauge about the same as a wagon, the hubs extending outside about three inches on each wheel. It was equipped with three lamps, but the one on the left nearest plaintiff was not lighted.

The evidence on the part of the defendant tends to show that at the time of the injury he was traveling on the north side of the highway and did not see plaintiff until he struck his wagon. The plaintiff was driving east from the village of Lodi with a democrat wagon and an old pony attached thereto. He had scantlings, boards, and some other articles in the wagon, the scantlings projecting back of the wagon box about eight feet. Plaintiff was familiar with the road and saw the automobile lights at a distance of between twenty and forty rods from the place of accident. When he saw the lights he drove his horse south as far as he could and close to the ditch and stopped, and the automobile struck him about a minute after he had stopped. The left wheels of the vehicles collided, the wagon wheel striking the axle of the automobile about six inches from the hub. The plaintiff was thrown out. His horse became detached and ran away. The defendant testified that the first he saw of plaintiff's rig was the reflection of the automobile lights upon the scantlings which projected beyond plaintiff's wagon box, and he estimates that the reflection was then about twenty feet away, the collision following almost instantly. The plaintiff testified that the defendant turned his automobile south and struck his wagon, and the defendant denies this. There is also some other evidence respecting tracks which were supposed to be those made by the automobile turning south at the place of accident, but this testimony is disputed by the

defendant, and it is claimed that such tracks were those of a wagon which passed shortly after the collision.

The only real controversy under this head is the place in the road where the collision occurred, the plaintiff contending that it occurred on the south side and the defendant insisting that it occurred on the north side. We have attempted to give only some of the leading points of the evidence, and shall not attempt to consider the proof in detail or the points made by counsel on each side respecting its weight and credibility, because we think upon the whole evidence the question was clearly for the jury. The jury was entitled to believe the testimony offered by the plaintiff tending to show that the collision occurred on the south side of the highway, and upon that theory the findings of the jury are clearly supported by the evidence. The defendant put in evidence a model of the automobile and also the lamp which was struck by the plaintiff's wagon wheel, and it is claimed that the dents in the lamp occasioned by the collision as well as the marks on the axle of the automobile where the wagon wheel struck it and the bent wagon tire clearly show that the collision could not have occurred by the automobile turning sharply south into the plaintiff's wagon. And, moreover, the plaintiff testified that he did not see the automobile turn. But the fact remains that the automobile did run into the plaintiff's wagon, and if the plaintiff was on the south side of the highway, as he testified, then clearly the defendant was guilty of negligence whether he struck the wagon by turning into it or by running too far to the south on the highway. We cannot think that the dents in the automobile lamp are very significant in determining whether the automobile was running at an angle or otherwise. But all of these questions were properly for the jury. There is nothing in the evidence rendering the plaintiff's testimony unworthy of belief. Nor can it be said to be against the physical facts appearing from the testimony or all reasonable probabilities. The

plaintiff's testimony is to the effect that the automobile did turn sharply south and struck his wagon, but that it turned so quickly that he did not see it. It is true that plaintiff may have been influenced in his idea that the automobile turned into him from an examination after the injury of the tracks which he supposed to be those of the automobile, and from their general course indicating that the automobile turned south and thus collided with the wagon. There is other evidence tending to show that the tracks, whether automobile or wagon tracks, where they curved south, were west of the point of collision, and therefore support the idea that they were wagon and not automobile tracks. But this is left somewhat indefinite in view of the fact that the wagon appears from the testimony to have been moved after the collision, first back, then ahead, but how far ahead does not appear.

Great stress is placed by counsel for appellant upon the fact that the evidence does not show that the plaintiff was on the south side of the highway. In this we think counsel is mistaken, but even if it be admitted that the jury found upon a different theory, namely, that the plaintiff was near the middle of the road, or even slightly north of the center, we think it was still a question for the jury whether the defendant was negligent and the plaintiff guilty of contributory negligence. It will be remembered that the evidence shows that the plaintiff stopped before the collision, and that the night was dark and the traveled track only eighteen feet in width. Now, it would be a question for the jury whether or not plaintiff was guilty of negligence under the circumstances and in the confusion of the moment with the automobile coming upon him, even if he stopped a little north of the center of the road. He might have deemed it advisable not to go too close to the south ditch, so that in the event of his horse shying or becoming unmanageable he would be able to prevent him from going into the ditch, es-

pecially in view of the fact that there was ample room north of him, even if he were slightly over the center line of the highway, to allow the automobile to pass without danger; and it is difficult to see, if the defendant was exercising ordinary care, how he could have run into plaintiff without seeing him, even if plaintiff were slightly north of the center line.

The court below, as expressed in its order on new trial, seems to have been of the opinion that the defendant was running too fast in view of the circumstances of the case, and that he should have kept his automobile under control so as to be able to have stopped within the reach of its lights. *Lawson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629. It also appears from the evidence that from the time plaintiff first saw the lights of the automobile, assuming that it was running six miles an hour as there is evidence tending to show, only about a minute would have elapsed before the collision. The plaintiff was in the middle of the road when he first saw the lights, and testified that he moved to the south, and from his testimony and other evidence in the case the proof is ample to support a verdict that he exercised ordinary care. But it is unnecessary to pursue this question further. It seems plain from the evidence that the answers by the jury to the special verdict are supported by the evidence.

2. Error is assigned on refusal of the court to submit as part of the special verdict the following questions:

"(1) Was the defendant's automobile, at the time of the collision, running as near the north edge of the highway as was practicable under the circumstances?

"(2) At the time of the collision, was the plaintiff's vehicle, or the north wheels thereof, on the northern half of the eighteen-foot strip?"

We think the special verdict submitted fairly covered the issuable facts, therefore there was no error in refusing to

submit the two questions requested, and this is especially so when viewed in connection with the charge. The first question asked was evidentiary in its nature and would have added nothing by way of specific finding upon the particular issuable facts. It was simply one of the elements of ordinary care, and would not, even if determined in favor of the defendant, have necessarily established ordinary care on his part under the peculiar circumstances of the case. The same may be said of the second question requested. If in the exercise of ordinary care under all the circumstances the plaintiff did not get wholly on the south side of the center of this narrow highway, but had his north wheel slightly over the line, still it would be for the jury to say whether or not he was negligent under all the evidence in the case. True, the evidence shows the plaintiff saw the automobile coming and he says he went as far south as he could; but even if he did not get as far south on the highway, or as near the southerly ditch in the moment of time which he had for deliberation, darkness of the night, and confusion of the situation, still it was for the jury to say whether or not he was negligent.

Under this head counsel for appellant relies upon several Wisconsin cases which we shall briefly consider. In *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865, one of the specific charges and in fact the main charge of negligence was the negligent placing of a truct in a position so close to the track that it came in contact with the train, and the only question submitted was whether the railroad company was guilty of any want of ordinary care which proximately caused the injury. In the case before us the charge of negligence is "that the defendant negligently and carelessly managed and drove his said automobile, and, by reason of the careless and negligent way in which he·so drove and managed said automobile, ran into the plaintiff's wagon, striking the front wheel of said wagon, thereby," etc. No

contributory negligence is charged in the answer. In *John Schroeder L. Co. v. C. & N. W. R. Co.* 135 Wis. 575, 116 N. W. 179, the real issue in the case was not fairly submitted to the jury. The same is true of *Reffke v. Patten P. Co.* 136 Wis. 535, 117 N. W. 1004. In *Steber v. C. & N. W. R. Co.* 139 Wis. 10, 120 N. W. 502, refusal to submit as part of the special verdict an inquiry as to whether or not deceased placed a signal on the track before he went to work, and whether it was in place when the car was switched on the track, was not error in view of the instructions given in the charge. In *Sufferling v. Heyl & Patterson,* 139 Wis. 510, 121 N. W. 251, the existence of the unsuitable hoist (a vital issuable fact) was charged in the complaint and denied in the answer. The court in considering the question held that trial courts are permitted to exercise a considerable measure of discretion in framing special verdicts. We think there was no prejudicial error in refusing to submit to the jury the questions requested. *Sufferling v. Heyl & Patterson, supra; Steber v. C. & N. W. R. Co., supra; Palmer v. Schultz,* 138 Wis. 455, 120 N. W. 348; *Zimmer v. Fox River Valley E. R. Co.* 118 Wis. 614, 95 N. W. 957; *Blankavag v. Badger B. & L. Co.* 136 Wis. 380, 117 N. W. 852; *Ryan v. Oshkosh G. L. Co.* 138 Wis. 466, 120 N. W. 264.

3. Error is further assigned on the charge respecting the contributory negligence of the plaintiff. The following is complained of:

"But the fact that the near wheel of the plaintiff's wagon was to the left of the middle of the road, if you find it was on such side, would not necessarily constitute a want of ordinary care on his part contributing to the injury."

Counsel claims this instruction was wrong on the facts of the case. It is true plaintiff testified that he saw the automobile coming when it was twenty rods from him, and that he was then in the middle of the road and turned to the south side. There is evidence that the automobile was over 600

feet from plaintiff when he first saw it and that it was going at the rate of six miles an hour.    If going six miles an hour and 600 feet away it would take over a minute to reach plaintiff, and less than a minute if only twenty rods distant.    But in any event, under the circumstances of the case, the court is of opinion that the question of contributory negligence was for the jury.    The night was dark; the time for getting to the south side of the road and to a safe distance from the ditch was short.    There is evidence that he at least made an effort to get as far south as was safe in view of all the circumstances, and it was for the jury to say, even if he failed to get south of the center before he was struck, whether he was guilty of negligence which contributed to the injury.

The following portion of the charge is complained of:

"You will answer this first question 'No' only unless the fact expressed by such answer is established to your satisfaction by a preponderance of the evidence.    If such fact is not so established you will answer the question 'Yes.' "

A similar instruction was given with reference to the third question.    The objection to these instructions is that the court should have told the jury that they "should not answer the first and third questions 'No' unless satisfied by a preponderance of the evidence that such answers expressed the fact."    The jury could not have been misled by the instruction, although it might have been put in better form.

Error is also predicated on the following instruction:

"In determining credibility, you should consider the witness's apparent intelligence, candor, knowledge of the matters testified about, interest in the result of the trial, relations with the interested parties, corroboration by other credible evidence or proved facts or circumstances, the motives for falsifying, or the absence of these things or any of them, so far as their presence or absence appears from the trial, the manner and appearance of the witness upon the stand, the inherent reasonableness, or the absence of it, of the statements made, and any other facts or circumstances appearing

from the evidence or upon the trial tending to affect the question."

The objection to this instruction is that it failed to call the attention of the jury to witnesses' opportunity to observe what took place, the attention they paid to the occurrence, or their ability to recall and state it in its details correctly, and reliance is placed on *Schmitt v. Milwaukee St. R. Co.* 89 Wis. 195, 61 N. W. 834. But in that case the court was instructing regarding a greater number of witnesses on one side with a lesser number on the other, and told the jury that a greater number of credible witnesses on one side may be considered of more reliance and more worthy of confidence and trust than the testimony of a lesser number of witnesses of equal credibility. The rule of law laid down as applicable to the facts of that case does not apply here. In the case before us the charge was correct as far as it went, and if more explicit instructions were desired they should have been requested. *Larson v. Foss,* 137 Wis. 304, 307, 118 N. W. 804.

4. Error is assigned on the admission of evidence. One Peterson testified under objection that shortly after the accident he saw *Anderson* and asked him if he was hurt, and that he complained about his knee and fingers. It also appears that defendant was around there, probably seven feet away, but it does not appear whether he heard the conversation or not. This evidence was objected to as self-serving and its admission assigned as error. It is doubtful whether the evidence was admissible, but, even if not, we cannot see that it worked prejudice. It is also claimed that the admission of evidence of Peterson, to the effect that on the night of the accident he, in connection with plaintiff, looked the ground over and examined the tracks after the automobile— tracks which he thought were the automobile tracks—was error. It is insisted that the witness was merely describing the tracks that were pointed out by the plaintiff, hence the testimony was incompetent under the rule laid down by this

court. We will refer briefly to the cases cited on this point. In *Schillinger v. Verona,* 88 Wis. 317, 60 N. W. 272, the material question was as to where the plaintiff went over the embankment at a particular point, and a witness was permitted to testify under objection that the plaintiff pointed out the place where he went over the embankment. The evidence was corroborative of the plaintiff's evidence and its admission held error. In *Sorenson v. Dundas,* 42 Wis. 642, the respondent was permitted to testify to his own narrative respecting a meeting material to the issue which took place between the parties, and it was held that the respondent's narrative after the occurrence was not part of the *res gestœ* and not admissible. In *Prideaux v. Mineral Point,* 43 Wis. 513, it was held that, the injuries complained of having resulted from the overturning of a livery carriage in which plaintiffs were riding, the declarations of the driver to the owner of the carriage and team after his return to the stable without the injured person were not admissible in chief as part of the *res gestœ,* though admissible, upon proper foundation, to contradict the driver.

These cases are clearly distinguishable from the instant case. The witness Peterson did not testify to declarations or narrative of plaintiff. He testified to what he knew and saw. True, he used the pronoun "we" in speaking of what he saw. He said: "Well, it was the track that we thought would be the automobile track after the automobile." It cannot be said upon the evidence but that the witness was testifying from his own knowledge that the track which he examined was an automobile track.

5. Error is assigned in refusing a new trial upon the ground of newly discovered evidence. It is claimed that one Charles Brereton drove by the place of accident after it occurred with a wagon and load of hay, and that his wagon tracks showed his course up to the point where the automobile stood, and then turned south and passed the automobile.

The appellant by affidavits made a showing on the motion for new trial to the effect that this witness was material and unknown until after the last trial (there being two trials of this case below), and that he used due diligence without success to find him in time to use his evidence. On the other hand, it is claimed by respondent that the motion was properly denied (1) for want of diligence; (2) because the evidence if produced would be cumulative merely; and (3) that it would not in all probability change the result. The case was first tried below in December, 1908, and the second time in March, 1909. The court below, in denying the motion for a new trial on the ground of newly discovered evidence, placed its order on want of due diligence to discover the witness, and sets forth some grounds upon which the opinion is rested, and, further, that the evidence, even if produced upon another trial, would not in all probability change the result. *Conradt v. Sixbee,* 21 Wis. 383; *Grace v. McArthur,* 76 Wis. 641, 45 N. W. 518. The court also seems to have regarded the newly discovered evidence as cumulative. Whether the evidence is cumulative we shall not determine, but prefer to affirm the order upon the other ground stated by the trial judge, namely, want of due diligence in making search for the witness. *Edmister v. Garrison,* 18 Wis. 594.

It is also insisted that the verdict is excessive. We shall spend no time upon this point. The amount awarded by the jury was only $250. The plaintiff was thrown from his wagon and sustained some personal injuries, besides small damages to his wagon and tackle, and loss of time. We cannot say the damages awarded are excessive. The court is of opinion that no prejudicial error was committed, therefore the judgment should be affirmed.

*By the Court.*—The judgment is affirmed.