**GALLOWAY et ux. v. NICHOLS.**

No. 14826.

Court of Civil Appeals of Texas. Dallas.

June 18, 1954.

Rehearing Denied July 16, 1954.

Leachman, Matthews & Gardere, Neth L. Leachman, Jr., Dallas, for appellants.

Van Zandt & Sanford, Sherman, for appellee.

DIXON, Chief Justice.

This is a plea of privilege case. Plaintiff E. L. Nichols filed suit in Grayson County against defendants, Mrs. Lucy Cook Galloway and her husband J. C. Galloway, residents of Brown County, Texas. In his petition plaintiff alleged that on July 25, 1953 in the town of Tioga, Grayson County, Texas, he was struck and injured by an automobile negligently driven by Mrs. Lucy Cook Galloway. He further alleged that at the time Mrs. Galloway was acting as agent of her husband; or in the alternative she and her husband were engaged in a joint mission or adventure.

Defendants filed their plea of privilege asking that the case be transferred to Brown County, Texas, their place of residence. Plaintiff filed his controverting plea asserting that venue properly lay in Grayson County under Art. 1995, subds. 9 and 9a, V.A.C.S. After hearing evidence the court

overruled defendants' plea of privilege, and defendants have appealed.

Defendants contend that there is no evidence in the record to support the court's findings: (1) That Mrs. Lucy Cook Galloway was driving the automobile at the time, and (2) that she was operating the automobile on the wrong side of the road.

■ Plaintiff has filed a written objection to our considering the two points presented by defendants, because defendants did not object to the court's findings of fact, which were made at defendants' request. We overrule the objection. Our Supreme Court has held that when a statement of facts appears in the record, the findings of fact are not conclusive on appeal, though the findings were not excepted to by appellant. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156.

The witness Paul Kemp testified in effect that plaintiff was struck by an automobile driven by a lady. Thereafter plaintiff introduced in evidence paragraph IV of defendants' answer for the limited purpose, as stated by counsel, "of connecting the automobile in question with the accident." Defendants did not object to the introduction of this part of their answer. They expressly stated through their counsel that they had no objection to its introduction. The said paragraph is as follows: "Further answering, your defendants charge that immediately prior to the accident in question, they were suddenly confronted with an emergency—that such emergency was not brought about by any fault or negligence on their part, and after being confronted with such an emergency they did thereafter do those things an ordinarily prudent person would have done under the same or similar circumstances."

Plaintiff asserts that the above-quoted paragraph constitutes an admission from defendants in the nature of confession and avoidance, in effect admitting that it was their car which struck plaintiff, but seeking to avoid any imputation of fault on the ground that they were acting under an emergency; and further, that such admission, coupled with the testimony of Paul Kemp that the car was driven by a lady, is sufficient to support a finding that the defendant Mrs. Lucy Cook Galloway was driving the car at the time.

Defendants say that paragraph IV of their answer cannot be considered as evidence of any probative force, for two reasons: (1) Their answer was filed subject to the court's action on their plea of privilege, to be considered only in the event their plea of privilege was overruled; and (2) paragraph IV of their answer was a special plea following defendants' general denial, so matters alleged in paragraph IV cannot as a matter of law be considered judicial admissions. In support of their contention defendants cite Rule 84, T.R.C. P.; Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, Id., 90 Tex. 637, 40 S.W. 391; Coca-Cola Bottling Co. v. Krueger, Tex.Civ.App., 239 S.W.2d 669.

■ As said by defendants, the plea of privilege and the controverting plea are the only pleadings as such before the court in a venue hearing. Texas Employers' Ins. Ass'n v. Shelton, Tex.Civ.App., 237 S.W.2d 719. Defendants' answer, filed conditionally, is not to be considered part of the pleadings which were before the court as pleadings in the hearing on the plea of privilege. Therefore paragraph IV of the answer cannot be considered a judicial admission binding on the defendants as a matter of law. But the paragraph contained a statement seriously made and, like an abandoned pleading, or a pleading in another case, once it is introduced in evidence as an admission, it may be considered for what it is worth. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726; Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 186 S. W.2d 90 (ref. w. m.); Treme v. Thomas, Tex.Civ.App., 161 S.W.2d 124 (syl 16).

■ We do not think that under the circumstances present in this case there is any merit in defendants' contention that the admission in paragraph IV cannot be considered because it was preceded by a general denial. In the first place, as pointed out above, we are not concerned here with a

judicial admission contained in a pleading which was part of the pleadings in the venue hearing; Lesikar v. Lesikar, Tex. Civ.App., 251 S.W.2d 555; Burke v. Guilford Mortgage Co., Tex. Civ.App., 161 S. W.2d 574 (syl. 9). In the second place, defendants did not offer their general denial in evidence; though they could have done so. National Life & Accident Ins. Co. v. Robledo, Tex.Civ.App., 93 S.W.2d 1198 (dism.); and in the third place, they did not object to the introduction in evidence of paragraph IV.

Defendants' first point is overruled.

■ Is there evidence in the record that defendants' automobile was being operated on the left side of the road? Plaintiff says that at the time in question he was crossing the highway from west to east. He had proceeded to a point on the east side of the highway "about three feet from the edge of the highway pavement." Then he "just blacked out" and remembered nothing more until two days later when he woke up in a hospital. The witness Paul Kemp did not see the actual impact between defendants' car and plaintiff, but he did look that way in time to see plaintiff fall after being struck—and he saw plaintiff fall on the east side of the highway. He went to the scene right afterward and heard a lady say that she was driving the car and that she "couldn't avoid it." He also inspected the scene later when the Highway Patrol arrived and he found skid marks on the east side of the highway.

In our opinion this evidence is sufficient to support the court's finding that the car, which was proceeding in a southerly direction, was on the left side of the highway at the time it struck plaintiff. Defendants say that the testimony of the witness Kemp about the tire marks (which was not objected to) cannot be given any weight because there is no definite testimony tracing the skid marks to defendants' car. The question presents difficulties. We know of no Texas case in point. However there are decisions from other jurisdictions which hold that the court may properly consider such testimony. Williams v. Graff, 1950,

194 Md. 516, 71 A.2d 450, 23 A.L.R.2d 106; Bragg v. C. I. Whitten Transfer Co., 1943, 125 W.Va. 722, 26 S.E.2d 217; Anderson v. Sparks, 1910, 142 Wis. 398, 125 N.W. 925. Anyway we believe the evidence is sufficient even if we exclude consideration of the skid-mark testimony. Plaintiff's testimony that he had crossed to a point within three feet of the east edge of the paving when he "blacked out" together with Kemp's testimony that he saw plaintiff fall on the east side immediately following the impact, seems to us to support the court's finding—especially since the testimony is uncontradicted.

■ All the evidence at the hearing was introduced by plaintiff. Defendants offered none. This did not relieve plaintiff of the burden of proving that he came within one of the exceptions to the general venue rule. However it may, and in this case we think it did, increase the force of plaintiff's evidence. Lindsey v. State, Tex.Civ.App., 194 S.W.2d 413. On this point we quote from 17 Tex.Jur. 306:

"Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and the interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force."

Appellants' second point on appeal is overruled.

The judgment of the trial court is affirmed.