HOFFMAN and another, Appellants, vs. REGLING, Respondent.

*December 6, 1934—January 8, 1935.*

*Leonard F. Schmitt* of Merrill, for the appellants.

For the respondent there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

FOWLER, J.   Counsel for the appellants recognizes that the trial court has wide discretion in granting a new trial in the interest of justice, and concedes that the order appealed from must be affirmed unless the plaintiffs are entitled to a directed verdict upon the evidence.   The respondent by his motion to review claims that the defendant was entitled to a directed verdict.   From the positions of respective counsel that a directed verdict should have been directed in favor of his client, assuming these positions are taken in good faith, the presumption is strong that the question of the defendant's negligence was for the jury, and we do not incumber the opinion with a detailed statement of the evidence.

The appellants' principal point is based upon a statement of the defendant that he did not apply his brake.   But the defendant says at another part of his testimony that he applied both the foot brake and the emergency brake, and that the car only went a trifle over its own length after striking the boy, which would indicate that he did apply at least one of the brakes.   Moreover, when he said he did not apply the foot brake, he said he was ready to do so and thought he did do so.   The first answer stated may have referred to a time the defendant was watching an on-coming car to see what its driver would do, and the other to his action on seeing the child dart in front of his car.   We will pass the point by saying that we have read all the evidence with care, and are of opinion that neither side was entitled to a directed verdict.

The respondent properly urges that, if a new trial is to be had, the court should pass upon his contentions that it was error to submit the case upon the form of verdict used and that the instructions were erroneous, in order to avoid recurrence upon retrial of the errors if errors were committed in these respects.

We are of opinion that the form of the first question of the verdict, which is set out in full in the statement of facts preceding the opinion, cannot be approved, and that the use of it was prejudicial error. It is so long and involved as to be incomprehensible to a jury. It confuses rather than clarifies. A verdict should be as short and simple in form as it is possible to make it. Generally speaking, three different methods of submitting the question of a defendant's negligence in automobile collision cases by special verdict have been approved by this court. One inquires whether the defendant failed to use ordinary care in such respects as the evidence may indicate, followed by an instruction defining ordinary care. The other two forms are sufficiently indicated in *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165, and *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372. The form first above mentioned was in general use in automobile collision cases from the time of the decision in *Anderson v. Sparks,* 142 Wis. 398, 125 N. W. 925, up to the time of the decision in the *Berrafato Case.* It would seem entirely unnecessary and not advisable to attempt any radical departure from methods of submission that have heretofore been approved by this court. These three general forms would seem to afford a sufficient field of choice. It is possible that some other form of submission may be devised that is equally good or better, but experimentation with other forms is likely to result in mistrial and is not deemed advisable.

The preface to the first question of the verdict which applies to each subdivision A, B, C, D, and E of the question, is in effect an attempt to put five hypothetical questions to

the jury based upon all the facts of the case and all the law of the case bearing upon the proposition of the defendant's negligence.  We cannot approve any such method of submission.  It is altogether too ambitious an attempt.  It is impossible of accomplishment.  To justify any such method, if justification were possible, all the evidentiary facts bearing on each division of the question would have to be stated in the preface.  Some of the evidentiary facts bear on one question and some on another.  For example, some of the evidentiary facts in the instant case bear upon negligence as to lookout; others upon negligence as to the handling of the car.  An omnibus statement of the evidentiary facts in the preface is confusing and apt to be misleading, as the jury in considering any one division of the question is likely not to have in mind the particular facts bearing upon the inquiry covered by that division.  It is fundamental that a hypothetical question to a witness must include all the facts necessary to be considered in arriving at a correct answer.  So in submitting a case to a jury by the method here attempted. Obviously the better way to put the evidentiary facts bearing upon a division of the question, if it be deemed advisable to state them, would be, not to incorporate them in a preface to a question covering the several grounds of negligence involved, but to state them in an instruction in immediate connection with the division of the question to which they especially relate.  Even in a statement so directed care must be taken to avoid a one-sided statement.  If the facts or contentions of one party respecting the facts are stated, the countervailing facts or countervailing contentions of the other party must be stated, else unfairness and prejudicial error will result.  Such result is much more likely to follow when attempt is made to comprise all the material evidence relating to a question in a condensed preface to it.

The court apparently attempted an amplification of the form of verdict suggested in the *Berrafato Case, supra.* That the amplification was misleading will appear from con-

sidering subdivision B of the question. "Did the defendant fail to timely apply the brakes to his automobile to avoid·a collision?" The jury in looking at this question would naturally answer "Yes." It is obvious that the defendant did not apply his brakes timely, because he struck the boy and killed him. That is all the jury would be likely to consider in answering the question. It is true that if a trained lawyer read all through the page of typewritten matter that prefaced the question, and considered it carefully and with intelligence, he might discover that what the question was intended to mean is: Did the defendant fail to use that degree of care ordinarily exercised under like circumstances by persons of ordinary care and prudence in respect to the application of his brakes? But it is not likely that a jury would be observing and discriminating enough to do so. And if the jury discovered the point of the preface to the question,— that is, discovered that the fact to be determined was whether the defendant used ordinary care in using his brakes rather than did he apply them in time to avoid the collision,—they would be confused by the expression "ordinary emergencies" in the preface. To what does the phrase "ordinary emergencies" refer? Just what meaning was it intended to convey? No emergency was material except that involved in the instant case, and that is fully covered by the phrase "under the same or similar circumstances." The same may be said as to subdivision E. "Did the defendant fail to give timely warning in blowing his horn?" Manifestly he did. Admittedly he did not sound his horn at all. The question to be determined was: Did the defendant use ordinary care in respect to sounding his horn? This is sufficient to indicate that the form of this question was erroneous and prejudicial.

Under the facts of this case, if the form of submission suggested in the *Berrafato Case* was to be used, question (1) should have been, in substance: Did the defendant fail

to use such care as persons of ordinary care and prudence ordinarily exercise under like circumstances, (a) in respect to lookout; (b) in respect to application of his brakes; (c) in respect to sounding his horn? Subdivision C of the verdict had no proper place therein because the undisputed testimony was that the brakes had been recently put in order by an automobile mechanic and that they were in good order when taken to a garage shortly after the accident without anything having been done to them in the meantime. It is true a policeman said he drove the car immediately after the accident and that going five or six or seven miles per hour the car went twelve to fifteen feet before stopping. But he neither looked at the speedometer nor measured the distance. This is considered insufficient to create a jury question as to the condition of the brakes in view of the overwhelming evidence as to their mechanical condition and the tests of them made by competent mechanics and their testimony as to their efficiency. And the question of control had no place in the verdict because it was fully covered by the question relating to the application of the brakes.

It is claimed that an instruction as follows is erroneous:

"You are instructed that it is the duty of every operator of an automobile on the highways of this state to exercise ordinary care in operating an automobile when near children coming from school and it is the duty of every operator of an automobile to exercise that degree of care usually and ordinarily exercised by persons of ordinary care and prudence commensurate with the ordinary emergencies to be expected from children on or near the traveled part of the highway, and such driver, when children are present, is charged with knowledge that some of them in the course of their play may suddenly dart out into the street and into the course of the automobile then and there operated by such driver, and the ordinary care referred to is such degree of care required under such circumstances when children are on the highway near the traveled course of an automobile, and is that degree of care usually and ordinarily exercised by per-

sons of ordinary care and prudence commensurate with the ordinary emergencies presented under the same or similar circumstances."

The instruction is objectionable because it refers to the duty of drivers where children are at play on or near the portion of the street devoted to vehicular traffic, and there is no evidence that any children were so playing. It is objectionable because it carries the implication that the children involved were coming from school, and there is no evidence that they were so coming, or to indicate that they or any children were so coming. It is also objectionable because it is subject to the implication that children were observed by the defendant on or near the portion of the street devoted to vehicular traffic before they appeared in front of him out on the driveway of the street, and there is no evidence that he observed them in such position before such time.

Objection is made to the following instruction:

"If you find that Louis Hoffman under the condition and circumstances as disclosed by the evidence suddenly ran in front of the defendant, Regling's, truck under such circumstances that said defendant, Regling, could not in the exercise of ordinary care commensurate with the emergency expected when children are on the highway, and you find that said Louis Hoffman ran into the defendant, Wm. Regling's, truck so that the defendant was unable to avoid injury in the exercise of such care and you find that he failed to adopt what subsequently upon reflection appears to have been the better method to avoid impending danger and that the emergency was not brought about by any fault or neglect or failure to exercise ordinary care on the part of said defendant, Wm. Regling, commensurate with the emergencies to be expected when children are on the highway, then you will answer this question—this subdivision 'No.' If you find by a preponderance of the evidence to a reasonable certainty that the said defendant, Wm. Regling, did fail to keep a proper lookout or if you find that he failed to maintain sufficient and adequate brakes or if you find that he failed to keep his automobile under proper control or if you find that he

failed to give timely warning in blowing his horn and you so find by a preponderance of the evidence to a reasonable certainty that he did FAIL, then you will answer 'Yes.' But if you are not satisfied by a preponderance of the evidence to a reasonable certainty then you will answer them 'No.' "

The purpose of this instruction no doubt was to give the defendant the benefit of the rule as to conduct in an emergency not created or contributed to by his own negligence. We doubt if it conveyed the correct idea to the jury. Instructions, like questions, should be short, concise, and directly to the point. And this applies to the charge as a whole. The whole charge here occupies eighteen pages of the printed case. It is impossible for a jury to carry a charge of such length in mind. It is confusing rather than helpful. It conceals, rather than reveals, the crucial points of the case. "Brevity is the soul" of instructions to the jury.

Objection is made because the court instructed in connection with the question of damages: "You are instructed that there is some intimation by counsel here that the law has fixed a *minimum* which may be allowed . . . as to the loss of society and companionship." The law has fixed no minimum, and, if counsel claimed that the law fixed a minimum contended for or suggested, the court should have definitely corrected the statement. No direct correction was made, although the jury were instructed that the damages must be based upon the evidence of the case and not in an arbitrary manner.

The above criticism of the verdict and instructions is made with a view of obviating the recurrence of the matters criticised upon a retrial of the case, and in the hope that they may avoid similar objectionable practices by trial judges in the future.

*By the Court.*—The order of the circuit court is affirmed.