SWANSON, Respondent, vs. SCHULTZ and another, Appellants.

*November 12—December 8, 1936.*

280

For the appellants there was a brief by *Peterson & Slocumb* of Menomonie, attorneys, and *Richmond, Jackman, Wilkie & Toebaas* of Madison of counsel, and oral argument by *Harold M. Wilkie* and *Carl E. Peterson*.

For the respondent there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee*.

FAIRCHILD, J.  The collision occurred because one of the drivers was on the wrong side of the road.  Each claimed the other was the transgressor.  The case was thoroughly tried, and in submitting it to the jury, questions were asked which searched for findings upon every possible material fact relating to the bumping of the two cars because of the operations of each leading up to the accident.  The central or chief dispute is as to the position in the road taken by the respective drivers.  As to this, as well as other questions of fact, a jury question exists.  The claim of appellants that certain physical facts necessarily indicate that the two ma-

chines collided on the south side of the highway and that appellant's driver was on his side of the center line is not sustained. The significance of the facts does not sufficiently approach the absolute to compel a finding as to which side of the road either car was on when they approached each other, but rather those facts are of such a nature as to be capable of sustaining the claim of the respondent. Perhaps as fair a way as any in which to put the proposition is the one adopted by the learned trial judge when he said:

"The evidence as to the physical facts is far from conclusive. The way the car and the truck were injured is as consistent with the plaintiff's version of how the collision occurred as the defendant's version thereof, and likewise the position of the two vehicles after the collision is also not inconsistent with either version of the collision."

The special verdict and the charge to the jury were lengthy. The appellant makes a general criticism based on this feature and insists that the general effect was necessarily misleading. As was said in *Williams v. Williams,* 210 Wis. 304, at p. 309, 246 N. W. 322, "the simpler and more direct the submission is the better it is. Here the crucial facts were too simple to require any long, involved, and cumbersome questions. . . ." See also *Hoffman v. Regling,* 217 Wis. 66, at p. 75, 258 N. W. 347; *Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, at p. 677, 134 N. W. 144. Undue splitting up of the ultimate issues tends to defeat the very purpose of the special verdict law. Because of the character of the instructions in that respect, and needless repetition and overemphasis of some of the facts in dispute under the evidence, the jury may have been confused rather than helped by the charge. The following propositions as stated in Reid's Branson, Instructions to Juries (3d ed.), are applicable:

"If the judge recapitulates the evidence on one side he should, in fairness, recapitulate it on the other side. The

evidence should be stated in a way not to mislead and confuse the jury. It may not be demanded of the judge that he shall single out some particular portion of the evidence for special comment and remark." (p. 154, § 51.)

"Instructions can be so prolix as to constitute prejudicial error because of confusion to the jury and the practical impossibility of their being able to grasp the import of the charge. . . .

"It has been judicially declared that the instructions should be short, concise, and directly to the point." (p. 250, § 90.)

"A proposition of law, strongly, clearly, and tersely stated, goes with force into the minds of the jurors, and there will abide, while a rambling, feeble, and diffuse statement neither arouses attention nor produces conviction. Words, well chosen and well arranged, are powerful in many places, and in few places are they of more force than in an instruction. Jurors are quick to seize upon strong statements, but slow to apprehend loose and prolix propositions. If a proposition of law is clearly stated in a few well-chosen words, each pregnant with meaning, it will not pass unheeded even if it does not carry conviction." (p. 472, § 180.)

"Where the subject matter is fully covered in other instructions the court should refuse to repeat it. Tautology only serves to place undue stress on the repeated matter and this tends to mislead or confuse the jury." (p. 261, § 95.)

In certain particulars, instructions are specifically challenged. Appellant urges the lack of an instruction on burden of proof as well as the overemphasis of evidence relating to appellant's manner of driving just before the collision. These objections are not sustained. The errors, if any, are considered not prejudicial, for although the charge was not framed in accordance with the propositions quoted above, we are unable to conclude upon a review of the record in its entirety that prejudice to the defendants resulted therefrom. See *Jones v. Monson,* 137 Wis. 478, at p. 488, 119 N. W. 179; *Wolff v. Carstens,* 148 Wis. 178, at p. 184, 134 N. W. 400. The basis of the criticism of the charge is, no doubt, in the refinement of issues into a number of subdivisions which,

after the trial and at this distance, appear to have been not altogether necessary to a disposition of the case. The actual dispute, however, was as to whether appellant's driver was on the north (his wrong) side of the highway as claimed by respondent, or whether respondent was invading the south (her wrong) side of the highway. The law with respect to the rules of the road was correctly stated, and this most prominent and controlling fact was decided by the jury upon sufficient evidence in respondent's favor. The emergency feature came into the case upon the testimony of respondent tending to show that appellant's truck was on the north side, and that to avoid him, she turned onto the south side just when he sought to regain his side of the highway, and that the coincidence of turning brought on the collision. There were no objections to the questions submitted to the jury, nor was any other form of verdict suggested, and no instructions were requested. Each side offered some corroborating evidence to sustain its claim, and the jury concluded from all the evidence that appellant's driver caused the collision by driving on the wrong side of the roadway to a point where respondent was entitled to judge that she was warranted in turning to the left side of the highway in her effort to avoid him; and that the collision occurred without contributing negligence on her part.

The form of the question containing the suggestion of negligence on appellant's part is not an approved one (*Quinn v. Hartmann,* 210 Wis. 551, at p. 556, 246 N. W. 587), but it is not necessarily prejudicial to appellant in respect to whose counterclaim similarly constructed questions were used in relation to alleged negligence of respondent.

The failure of the trial court to fix the proper sum in the option given respondent to elect to take judgment or submit to a new trial affects the character of the option and leaves it an insufficient or erroneous ruling.

The trial court was of the opinion that the allowance of $5,495 damages was excessive; that the respondent had not sustained any very serious permanent injuries, but had sustained financial loss and endured considerable pain and suffering as a result of the collision. He said in his decision on motions after verdict: ".However, after allowing for what financial loss they have sustained, I think the jury allowed them excessive damages for permanent injury and for pain and suffering." The items making up the total of financial loss, using figures most favorable to respondent, were: $25, cost of removing plate left in arm; $200, statement rendered by doctor; $500, loss of wages; $319, damage to auto; $381.87, hospital bills and incidental expenses; totaling $1,425.87. Subtracting this sum from the amount allowed by the court, there is left as compensation for pain and suffering and future loss, $2,574.13. There are cases in which facts similar to those in this case resulted in amounts fixed by a jury at far less than the amount here fixed by the court. *Roellig v. Gear,* 217 Wis. 651, 260 N. W. 232. An effort by a court to correct a verdict allowing excessive damages is limited by a rule. This rule has often been challenged, and its critics have made telling arguments against it, but to avoid having the judge take the place of the jury in fixing the damages, the option rule as followed in this state was adopted. Under it the court, in case of an excessive or inadequate assessment of damages, if the situation warrants his acting at all, can leave it to the aggrieved party to choose between an amount clearly fair to the other side and a new trial. When a serious mistake has been made by the jury by way of an excessive assessment, then in order to protect the party obliged to pay against a judge's assessment of damages, the court determines from the evidence the lowest amount that an impartial jury properly instructed would reasonably award, and uses that amount in framing the option

to be offered to the creditor. *Lehner v. Kelley,* 215 Wis. 265, 254 N. W. 634; *Reykdal v. Miller,* 216 Wis. 561, 257 N. W. 604. No such finding was made. The lack of it requires the return of the case for the trial court's further action in fixing the lowest amount as required by the rule, and granting the respondent the option of accepting such amount or submitting to a new trial.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

WICKHEM, J., dissents.